UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-22026-Civ-Cooke/Turnoff

DR. BERND WOLLSCHLAEGER, et al.,

    Plaintiffs,

v.

RICK SCOTT, in his official capacity as Governor of the State of Florida, et al.,

    Defendants,

and

NATIONAL RIFLE ASSOCIATION,

    Proposed Intervenor.

**PROPOSED INTERVENOR NATIONAL RIFLE ASSOCIATION'S
MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE
AND INCORPORATED MEMORANDUM OF LAW**

For the reasons explained below, Proposed Intervenor National Rifle (NRA) respectfully requests leave to file an amicus curiae brief opposing plaintiffs' motion for a preliminary injunction and to participate in the hearing addressing plaintiffs' motion set for July 13, 2011. A copy of NRA's brief is attached as Exhibit A, and a proposed order is attached as Exhibit B.

## BACKGROUND

Plaintiffs seek a preliminary injunction prohibiting Florida officials from enforcing a Florida law entitled "An act relating to the privacy of firearm owners" (Firearms Privacy Act or the Act), which the Governor signed into law on June 2. (A copy of the Act is on file as DE 20-1.) The Act protects the interests of firearms owners by, among other things, stating that doctors should refrain from asking irrelevant questions about firearms, providing that patients may decline to answer such questions, and prohibiting doctors from discriminating against patients solely on account of firearms ownership.

The NRA is the Nation's foremost and oldest defender of Second Amendment rights. The NRA was also a foremost supporter of the Firearms Privacy Act. The NRA supported the Act in response to its Florida members' experiences of being asked intrusive questions about gun ownership during visits to the doctor's office. *See* Declaration of Marion P. Hammer (Hammer Decl.), DE 36-2 ¶¶ 5-6.

On June 27, 2011, the NRA moved to intervene in this matter to defend its members' substantial interests in the validity of the Act. The Court set an expedited schedule for briefing the NRA's motion, and briefing will be complete when the NRA files its reply later today.

The Court has also set today as the deadline for briefs in opposition to plaintiffs' preliminary injunction motion. Although the Court has yet to rule on the NRA's motion to intervene, the NRA is prepared to meet this deadline. The NRA also wishes to ensure that the

1

Court has the opportunity to consider the NRA's views on this matter regardless of the Court's ruling on intervention. The NRA thus respectfully asks the Court's leave to file an amicus curiae brief opposing plaintiffs' preliminary injunction motion. If the Court grants the NRA's pending motion to intervene, the NRA requests that its amicus brief be deemed its memorandum of law opposing plaintiffs' motion for preliminary injunction. And in all events, the NRA requests permission to participate in the hearing addressing plaintiffs' motion set for July 13, 2011.

## ARGUMENT

The NRA submits that it should be granted intervenor status in this litigation. But if the Court denies our motion to intervene, the NRA should be permitted to participate as an amicus curiae. Whether and to what extent to permit participation by an amicus curiae "is solely within the discretion of the court." *News & Sun-Sentinel v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988); *see also City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1304 (11th Cir. 1999).

We respectfully submit that the NRA's participation in briefing and oral argument will assist the Court in deciding the issues presented by this case. The NRA has frequently participated as an amicus curiae at all levels of the federal judicial system in cases touching on its members' interests, including in cases presenting First Amendment issues. *See, e.g., United States v. Stevens*, 130 S. Ct. 1577, 1589 (2010); *Citizens United v. Federal Election Comm'n*, 130 S. Ct. 876, 937 n.15 (2010) (Stevens, J., concurring in part and dissenting in part); *Federal Election Comm'n v. Massachusetts Citizens for Life, Inc.*, 479 U.S. 238, 240 (1986); *City of Chicago v. U.S. Dept. of Treasury*, 423 F.3d 777, 778 (7th Cir. 2005); *Edwards v. City of Goldsboro*, 178 F.3d 231, 237 (4th Cir. 1999); *United States v. Salamone*, 800 F.2d 1216, 1224 n.10 (3d Cir. 1986); *Ezell v. City of Chicago*, 2010 WL 3998104, at *2 (N.D. Ill. Oct. 12, 2010). And the NRA has a distinct perspective and knowledge of the subject matter of this litigation: it

was an active supporter of the Firearms Privacy Act and a participant in the legislative process leading to its enactment,[1] and its members, whose experiences spurred the NRA's support for the legislation, are the Act's direct beneficiaries, *see* Hammer Decl. ¶ 6; NRA Motion to Intervene 4-6 (DE 36). Indeed, as we explain in our motion to intervene, plaintiffs' suit threatens to eliminate the protection the Act provides to NRA members, and none of the existing parties to this litigation are charged solely with protecting those members' interests. *See* NRA Motion to Intervene 6-10.

## CONCLUSION

For these reasons, the Court should grant the NRA's motion to file an amicus brief and to participate in the July 13, 2011 hearing addressing plaintiffs' motion for a preliminary injunction.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues completely. In particular, counsel for defendants stated that defendants will not oppose this motion. Counsel for plaintiffs stated that plaintiffs would consent only if the NRA withdraws it motion to intervene in the case and does not seek oral argument time at the preliminary injunction hearing

---

[1] *See* Hammer Decl. ¶ 5; Committee Hearing on SB 432, held by the Committee on Criminal Justice at 1:27:30 (Feb. 22, 2011) (available at http://www.flsenate.gov/Committees/Show/CJ/) (testimony of Marion Hammer); Committee Hearing on HB155, held by the Criminal Justice Subcommittee at 1:23:30 (Mar. 8, 2011) (available at http://www.myfloridahouse.gov/sections/Committees/committeesdetail.aspx?SessionId=70&CommitteeId=2614) (same); Committee Hearing on SB 432, held by the Committee on Budget at 4:00:09 (Apr. 14, 2011) (available at http://www.flsenate.gov/Committees/Show/BC/) (same).

3

set by the Court.[2] Because the NRA does not agree to either of these conditions, plaintiffs will oppose this motion.

Dated: July 5, 2011                                         Respectfully submitted,

s/ Gregory M. Cesarano
Gregory M. Cesarano (Fla. Bar No. 217761)
gcesarano@carltonfields.com
CARLTON FIELDS
100 S.E. Second Street, Suite 4200
Miami, FL 33131
Tel: (305) 539-7417
Fax: (305) 530-0055

Charles J. Cooper*
ccooper@cooperkirk.com
David H. Thompson*
dthompson@cooperkirk.com
Peter A. Patterson*
ppatterson@cooperkirk.com
COOPER & KIRK PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

Brian S. Koukoutchos*
bkoukoutchos@gmail.com
28 Eagle Trace
Mandeville, LA 70471
Tel: (985) 626-5052

*Pro hac vice application pending

Counsel for National Rifle Association

---

[2] Plaintiffs' consent is also contingent upon the NRA not opposing plaintiffs' request for an additional five pages for their reply to respond to the NRA's arguments. The NRA does not oppose that request.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                          s/ Gregory M. Cesarano
                                          Gregory M. Cesarano

## SERVICE LIST

Jason Vail
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Suite PL 01, The Capitol
Tallahassee, FL 32399
Tel: (850) 414-3300
jay.vail@myfloridalegal.com

*Counsel for Defendants*
*via Notice of Electronic Filing generated by CM/ECF*

Edward M. Mullins
Hal M. Lucas
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202
emullins@astidavis.com

Bruce S. Manheim, Jr.
Douglas H. Hallward-Driemeier
Augustine M. Ripa
Julia M. Lewis
ROPES & GRAY LLP
700 12th Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 508-4600
Fax: (202) 383-8332
Bruce.manheim@ropesgray.com

Jonathan E. Lowy
Daniel R. Vice
BRADY CENTER TO PREVENT GUN VIOLENCE
Legal Action Project
1225 Eye Street NW, Suite 1100
Washington, D.C. 20005
Tel: (202) 289-7319
Fax: (202) 898-0059
jlowy@bradymail.org

*Counsel for Plaintiffs*
*via Notice of Electronic Filing generated by CM/ECF*