UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22026-Civ-COOKE/TURNOFF

BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs
vs.

FRANK FARMER, *et al.*,

    Defendants.
_____/

## AMENDED ORDER DENYING NATIONAL RIFLE ASSOCIATION'S MOTION TO INTERVENE

THIS MATTER is before me on the Proposed Intervener National Rifle Association's Motion to Intervene (ECF No. 36).[1]  I have reviewed the arguments, the record, and the relevant legal authorities.  For the reasons provided in this Order, the Motion is denied.

### I. BACKGROUND

On June 2, 2011, Governor Rick Scott signed into law "An Act relating to the privacy of firearm owners" (hereinafter, "Firearms Owner's Privacy Law").  CS/CS/HB 155 (to be codified at Fla. Stat. §§ 790.338, 381.026, 456.072).  Under the new law, licensed health care practitioners or facilities may not (i) intentionally record any disclosed information concerning firearm ownership in a patient's medical record if the information is not relevant to the patient's medical care or safety, or the safety of others; (ii) ask a patient whether he or she owns or possesses a firearm unless the information is relevant to the patient's medical care or safety, or the safety of others; (iii) discriminate against a patient based solely on firearm ownership or possession; or

---

[1] On July 8, 2011, I entered an Order denying the National Rifle Association's Motion to Intervene.  One of the factual predicates for that Order was that Governor Rick Scott was a defendant in this case.  Although Plaintiffs list Governor Rick Scott as a defendant in the caption of their Amended Complaint, they have actually removed him as a party to this action.  *See* Am. Compl. ¶¶ 11-36.  Although the analysis remains substantially the same, this Amended Order resolves any potential confusion regarding the Court's reasoning.

(iv) unnecessarily harass a patient about firearm ownership.  A patient may decline to answer questions regarding firearm ownership or possession.  Violation of the law constitutes grounds for disciplinary action under Fla. Stats. §§ 456.072, 395.1055.

On June 24, 2011, Plaintiffs, doctors and physician interest groups, filed an Amended Complaint alleging that the law violates the First and Fourteenth Amendments of the U.S. Constitution.  (ECF No. 15).  The National Rifle Association ("NRA") now seeks to intervene in this action.

## II. Discussion

**A.  The NRA Does Not Meet the Requirements of Intervention as of Right**

Under Rule 24(a) of the Federal Rules of Civil Procedure, on a timely motion, "a court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  A court must grant a motion to intervene as of right where the movant satisfies four requirements:  "(1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit."  *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007).

I need not address the first three requirements because I find that the NRA has failed to show that the existing defendants will not represent its interests adequately.  Courts "presume adequate representation when an existing party seeks the same objectives as the would-be interveners."  *Leavitt*, 488 F.3d at 910.  "While this presumption is 'weak,' it nonetheless imposes upon the applicant for intervention 'the burden of coming forward with some evidence to the

2

contrary.'" *Id*. (quoting *Clark v. Putnam Cnty*., 168 F.3d 458, 461 (11th Cir. 1999)). The would-be intervener must show that "representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Clark*, 168 F.3d at 461. "Once the would-be interveners have carried their burden, the court returns to the general rule that adequate representation exists "if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervener, and if the representative does not fail in fulfillment of his duty." *Id*. (internal quotation marks omitted).

The NRA argues that it has an interest in defending the Firearms Owner's Privacy Law from constitutional attack, and the Defendants will not adequately represent that interest. NRA Mot. at 5, 7. The NRA relies heavily on *Clark v. Putnam County*, in support of its Motion. There, four white voters sued a county and its commissioners to challenge the constitutionality of a court-ordered voting plan devised to ensure greater participation by black residents in county elections. 168 F.3d at 460. The Eleventh Circuit held that six black voters could intervene in the action because the defendant commissioners did not adequately represent their interests. *Id*. at 461. The court reasoned that, because the commissioners generally represented the interests of the public, the commissioners would necessarily represent interests adverse to the would-be interveners under the facts of that case; "after all, both the plaintiffs and the proposed defendant-interveners [were all] Putnam county citizens." *Id*. Additionally, the commissioners admitted in a hearing that they were considering a settlement. *Id*. The court noted that the suggestion of settlement demonstrated a further divergence of interests between the commissioners and the would-be interveners. *Id*. at 462.

Here, Plaintiffs have sued a number of State representatives in their official capacities, including members of the Florida Department of Health's Board of Medicine. The Board promulgates rules governing Florida medical practice. The defendants are hereinafter referred to as the "State Defendants." The NRA argues that some of the defendants, such as Florida Surgeon

3

General Frank Farmer and Florida Secretary of Health Care Administration Elizabeth Dudek, may not have the same objectives as the NRA because they are concerned only with public health care interests.  The Board, as noted above, is charged with promulgating rules that govern Florida medical practice.  It also has investigatory, enforcement, and disciplinary powers to regulate health professionals.  In this capacity, they must enforce the Firearms Owner's Privacy Law.

The defendants are representatives of the State of Florida.  The NRA has not demonstrated that their interests are adverse to the NRA's position in this case.  The State Defendants, as enforcers of the Firearms Owner's Privacy Law, have an interest in regulating the kinds of questions physicians and health care facilities may pose to patients regarding firearm ownership and/or possession, thus protecting the privacy rights of firearm owners against such kinds of questions.  Unlike the circumstances in *Clark*, the NRA has failed to point to any concrete divergences in interests between it and the State Defendants.  Its concerns are largely speculative.

The NRA seeks to defend the constitutionality of the Firearms Owner's Privacy Law.  The State Defendants, as representatives of the State of Florida, have the same objective.  The NRA has not presented any evidence to suggest that the State Defendants may not adequately represent its interests.  *See Leavitt*, 488 F.3d at 910 (holding state environmental agency could not intervene as of right in action against U.S. Environmental Protection Agency ("EPA") because its objectives were the same as the EPA's); *see also Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366-67 (11th Cir. 1982) (holding union was represented adequately by FEC because both the union and the FEC sought to uphold the constitutionality of a statute).  Because the NRA and the State Defendants have the same objective—to defend the constitutionality of the law and protect firearm owners' privacy interests—and the NRA has not met its minimal burden of providing some evidence that the State Defendants will not represent that interest adequately, I presume the NRA's

4

interest is represented adequately.  *See Leavitt*, 488 F.3d at 911; *Athens Lumber Co.*, 690 F.2d at 1366.

### B.  The NRA Does Not Meet The Requirements of Permissive Intervention

Under Rule 24(b), a court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(c).  The NRA seeks to defend the constitutionality of the Firearms Owner's Privacy Law, and the rights it protects.  As the Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction makes clear, they will likewise defend the constitutionality of the law, and the rights it protects.  The duplicative nature of the NRA's claims or interests will unduly delay the adjudication of the rights of the parties to this lawsuit and unlikely shed any new light on the constitutional issues in this case.  *See Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989).  For these reasons, I will deny the NRA's motion for permissive intervention.

### III.  CONCLUSION

Although I find that the NRA may not intervene in this case, it is free to seek leave to file amicus curiae briefs where it believes the Court will benefit from considering its input and views.  For the foregoing reasons, the Proposed Intervenor National Rifle Association's Motion to Intervene (ECF No. 36) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 11th day of July 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*

5

*Counsel of record*

6