UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-22026-MGC

**DR. BERND WOLLSCHLAEGER**, et al.,

    Plaintiffs,

v.

**FRANK FARMER**, et al.,

    Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO REQUEST OF ACLU TO FILE AMICUS**

    Defendants oppose consideration of the amicus brief of the American Civil Liberties Union of Florida, Inc.'s (ACLU) at this juncture in the case. Although Defendants do not oppose consideration of an amicus brief at the merits stage (when Defendants will have their first opportunity to respond to its newly injected arguments), it should not be considered now while the Court is deciding the motion for preliminary injunction.

    Consideration of the ACLU's brief at this point affords an unfair advantage because the ACLU – which belatedly filed its motion far out of time – has had the full benefit of seeing everyone's hand before playing its own cards. As a result, the ACLU's brief addresses several points not raised by Plaintiffs (and thereby not briefed by the Defendants). Indeed, the ACLU admits that its brief offers a "distinct" perspective on the constitutional issues, and "addresses issues that were not the focal point of the earlier briefs." (Mot. for Leave to File Amicus at 2-3.) It

is for those precise reasons that its amicus brief is untimely and prejudicial at this point in the litigation.

The ACLU alleges that it did not file this motion at an earlier stage in the proceedings out of a concern that it would "slow the expedited briefing on the preliminary injunction afforded by this court." (*Id*. at 1.) It should be taken at its word, and its brief should not be considered at this preliminary injunction stage. The brief urges the Court to grant the injunction, indicating the ACLU's intent that its brief influence the pending injunction motion, but to do so would reward a lack of diligence and prejudice of the Defendants.

Defendants recognize that the Court has already granted the ACLU's motion generally, but request that this Court either (a) reserve consideration of the ACLU's amicus brief until after ruling on the pending injunction motion, at which point the Defendants will have an opportunity to respond; or (b) if it is relied on by the Court for purposes of the pending injunction motion, allow Defendants leave to respond within five business days of its order.

    Respectfully submitted,

    PAMELA JO BONDI
    ATTORNEY GENERAL

    s/ *Jason Vail*
    Jason Vail (FBN 298824)
    Assistant Attorney General
    Diane G. DeWolf (FBN 59719)
    Deputy Solicitor General
    Office of the Attorney General
    PL-01, The Capitol
    Tallahassee, FL 32399
    (850) 414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of record through use of the Court's CM/ECF system on July 22, 2011.

s/ *Jason Vail*