# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. 1:11-cv-22026-MGC

**DR. BERND WOLLSCHLAEGER**, et al.,

    Plaintiffs,

v.

**FRANK FARMER**, et al.,

    Defendants.

_____/

## DEFENDANTS' OBJECTION/MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SUPPLEMENTAL MEMORANDUM AND ALTERNATIVE MOTION FOR LEAVE TO RESPOND

Defendants object to Plaintiffs' "Supplemental Memorandum in Support of Their Motion For a Preliminary Injunction" filed on June 19, 2011. Rather than simply a supplemental memorandum that clarifies issues previously raised, Plaintiffs twenty page brief includes new arguments as well as additional declarations, exhibits, and even a rebuttal to Defendants' supplemental memorandum filed at 5:00 p.m. that day.

Attacks on *Defendants'* supplemental memorandum, raising novel claims, and engaging in reargument are not "supplemental" to Plaintiffs' prior pleadings. By its definition, a supplemental pleading is one "that either corrects a defect in an earlier pleading or addresses facts arising since the earlier pleading was filed. Unlike an amended pleading, a supplemental pleading merely adds to the earlier pleading and does not replace it." *Black's Law Dictionary*, 1173 (7th Ed. 1999). Plaintiff's "memorandum" does none of these things.

In contrast to Plaintiffs' submission, the Defendants' supplemental materials fit this definition. Instead of rearguing its initial brief, the Defendant's memorandum highlights just two matters: (1) Ms. Tootle's recent clarification, and (2) an explanation of the disciplinary and rulemaking process, which was not previously briefed but was discussed at oral argument. It did not raise new arguments, attack Plaintiff's supplemental filings, or attempt to replace wholesale the initial response.

Notably, a portion of Plaintiff's memorandum attacks and mischaracterizes Defendants' supplemental memorandum – a document that was filed at the close of business on its due date.[1] Defendants did not understand the Court to have authorized the parties to file a reply to each other's submissions, which is effectively what this portion of Plaintiffs' memorandum does. It should be stricken, or, in the alternative Defendants be given an opportunity to respond.

Plaintiffs' memorandum raises new arguments that could have been raised in earlier pleadings. For example, Plaintiffs now argue that the firearm legislation has altered the status quo (*id*. at 2) and that because the statute contains no "good faith" exception to the anti-discrimination or unnecessary harassment provisions, their speech is chilled and their fear of discipline acute. *Id*. at 10, 13. The Plaintiffs' brief further takes great liberty in rewriting and rearguing its earlier claims that the statute is vague, content-based, viewpoint discriminatory, and cannot withstand

---

[1] First, it attacks Ms. Tootle's clarification letter as contradictory. It claims that the State's submission of it represents a "flip-flop" of the State's interpretation of the statute and is an attempt to render the statute toothless. Pla. Sup. Mem. at 6. Second, it alleges that the State "simply ignore[d]" the meeting report of the Board of Medicine's June 2, 2011 meeting. *Id*. at 7. And third, it accuses the State of engaging in "cat-and-mouse games" which Plaintiffs call "particularly unacceptable." *Id*. at 8.

strict scrutiny. Again, this new argument is not "supplemental" and should either be stricken or Defendants be allowed to respond.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

s/ *Jason Vail*
Jason Vail (FBN 298824)
Assistant Attorney General
Diane G. DeWolf (FBN 59719)
Deputy Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of record through use of the Court's CM/ECF system on July 27, 2011.

s/ *Jason Vail*