UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-22026-Civ-COOKE/TURNOFF

BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs,

v.

FRANK FARMER, *et al.*,

    Defendants.

_____/

**OPPOSITION TO DEFENDANTS' OBJECTION/MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
<u>AND ALTERNATIVE MOTION FOR LEAVE TO RESPOND</u>**

Plaintiffs hereby oppose Defendants' Objection/Motion to Strike Portions of Plaintiffs' Supplemental Memorandum and Alternative Motion for Leave to Respond ("Mot. to Strike") (DE 75). Defendants' attempt to strike Plaintiffs' supplemental memorandum is procedurally improper, erroneous as a matter of law, and disingenuous. At the July 13, 2011, hearing on Plaintiffs' Motion for a Preliminary Injunction, the Court invited the parties to file supplemental materials by July 19, 2011. The Court placed no restrictions whatsoever on what materials could be filed with the Court. *See* Transcript of July 13, 2011 Hearing ("Tr.") at 44 (DE 64). On July 19, 2011, as Plaintiffs were finalizing a supplemental memorandum that responded to questions raised by the Court,[1] Defendants filed their own supplemental memorandum along with brand new evidence that had been created only one day earlier and *after* the hearing by the Court on Plaintiffs' motion for preliminary injunction. Defendants now seek to bar Plaintiffs' response to the new evidence that *Defendants themselves introduced in a supplemental brief* on the grounds that supplemental briefing should not raise new issues. Defendants' Motion to Strike is as self-contradictory as it is frivolous.

Defendants' Motion to Strike should be denied for the following reasons:

- The motion should be denied summarily because Defense counsel failed to consult with Plaintiffs' counsel before filing and failed to certify that a consultation was attempted. As the Court well knows, those failures are grounds for denying the motion or for imposing an appropriate sanction. *See* S.D. Fla. LR 7.1(a). Had Defendants complied with that rule,

---

[1] *See* Pl. Supp. at 2 (DE 73) ("During oral argument, the Court asked what Plaintiffs cannot do now that they could do before enactment of HB 155"); *id.* at 8 ("At oral argument, the Court also asked whether the content-based nature of the speech restrictions . . . is evident on the face of the statute as enacted"); *id.* at 12 ("At oral argument, the Court questioned whether the legislative history leading to enactment of HB 155 was relevant. . . ."); *id.* at 18 ("During oral argument, the Court asked counsel for the State whether this dispute is ripe for review. . . .").

1

perhaps an agreement could have been reached or Defendants would have realized that their request lacked merit for the reasons set forth below.

- Defendants imply that Plaintiffs' supplemental memorandum exceeded its permissible scope. The Court, however, did not place any restrictions on the topics that the supplemental materials could address, *see* Tr. at 44 (DE 64), and Plaintiffs appropriately focused on responding to the questions raised by the Court at argument and the new evidence introduced by Defendants.

- Under Federal Rule of Civil Procedure 12(f), Motions to Strike are available to strike *only pleadings*, not briefs. *See Santana v. RCSH Operations, LLC*, 2011 WL 690174, *1 (S.D. Fla. 2011) (in denying motion to strike, court stated that Rule 12(f) "makes clear that motions to strike must be directed to a party's pleadings" and that "numerous courts in the Eleventh Circuit and elsewhere have held that a motion to strike filings (in whole or in part) that are not pleadings (as defined by Rule 7(a)) is improper") (emphasis added) (citing cases); *see also Palmer v. Johnson*, Slip Copy, 2010 WL 2431897, *1 (M.D. Fla. 2010) ("[a]s defined in Rule 12(f), motions to strike are directed to the 'pleadings' only and thus are not available to strike material contained in motions, briefs, memoranda, or affidavits.") (citing *Morroni v. Gunderson*, 169 F.R.D. 158, 170 (M.D. Fla. 1996)); *Cohen v. DeKalb County School Dist.*, Slip Copy, 2009 WL 4261161, *2 (N.D. Ga. 2009) (rejecting motions to strike as improper because Rule 12(f) "applies to *pleadings*, not to motions or briefs filed in support of motions.") (emphasis in original); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("only pleadings are subject to motions to strike," and the movants "have cited no cases that have construed [Rule 12(f)] as allowing a district court to strike material not contained in the pleadings of the case"); *Sauls v. Bristol-Meyers Co.*, 462 F.

Supp. 887, 888 n. 1 (S.D.N.Y. 1978) (same).  Defendants do not cite a single case or rule of civil procedure that would justify striking Plaintiffs' supplemental memorandum.

- Perhaps in recognition of the foregoing, Defendants appear to imply that Plaintiffs' supplemental memorandum should be classified as a pleading.  *See* Supp. Opp. at 1 (DE 71) (citing *Black's Law Dictionary*'s definition of "supplemental *pleading*").  That is incorrect. *Black's Law Dictionary* defines "brief" as "[a] written statement setting out the legal contentions of a party in litigation, esp. on appeal" and "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses."  Federal Rule of Civil Procedure 7 states that the only permissible "pleadings" are a complaint, an answer to a complaint, an answer to a counterclaim designated as such, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, or a reply to an answer if so ordered.  *See* Fed. R. Civ. P. 7(a).  The rule then continues to distinguish pleadings from "motions and other papers."  *Id.* at 7(b).  The parties' supplemental memorandum is simply not a pleading.

- Defendants claim that their supplemental memorandum "did not raise new arguments." Mot. to Strike at 2 (DE 75).  In fact, Defendants' memorandum introduced new evidence that appears to have been manufactured in support of the state's ever-shifting position.  As Plaintiffs were in the midst of finalizing their supplemental submission on July 19, 2011, they received Defendants' supplemental submission at 5:23 p.m.  There, the Defendants focused extensively on its new evidence:  a letter that was dated only the day before, after the preliminary injunction hearing, and for which Defendants had provided no prior notice. Supp. Opp. Ex. C (DE 71).  This newfound letter, which was signed by Executive Director of the Florida Board of Medicine Joy A. Tootle, purported to retract her prior June 14, 2011

3

letter that the Florida Department of Health mailed to physicians across the State informing them that under recently-enacted HB 155, "[a] health care provider or facility *is prohibited from inquiring* about the ownership of firearms or ammunition unless the information is relevant to the patient's medical care or safety, or the safety of others." Supp. Opp. Ex. A (emphasis added) (DE 71). Defendants' memorandum broadly asserted that, in light of the new letter, "any potential misunderstanding of the June 14 letter has been eliminated." Supp. Opp. 2 (DE 71). It was perfectly appropriate, and indeed necessary, for Plaintiffs—who had cited and relied upon the June 14 letter both in briefing[2] and at oral argument[3]—to respond to Defendants' new and contradictory submission. *See* Pl. Supp. at 5–7 (DE 73).

- Defendants' initial opposition to Plaintiffs' Motion for a Preliminary Injunction contended that HB 155 prohibited non-relevant gun questions.[4] Only in their supplemental submission did Defendants adopt the NRA's position that HB 155 was nothing more than a recommendation.[5] Calling Defendants' supplemental filing a "flip-flop" does not

---

[2] *See* Plaintiffs' Reply Memorandum in Support of Their Motion for a Preliminary Injunction at 2 n. 2, 3, 10 (DE 58).

[3] *See* Tr. at 43 (DE 64).

[4] *See, e.g.*, Opp. 7 (DE 49) (HB 155 would "apply in situations . . . *where no relevant basis for the question exists*") (emphasis added); *id.* at 7–8 (listing scenarios that would be prohibited under HB 155, including asking children about firearms and asking follow-up questions).

[5] NRA's Motion to Intervene and Incorporated Memorandum of Law at 3 (DE 36) ("the sections of [HB 155] that supposedly restrict speech are merely hortatory"); Supp. Opp. at 2 (DE 71) ("the law does *not* prohibit health care providers and facilities from asking questions; instead, it states that they should refrain from asking them") (emphasis in original); Supp. Opp. Ex. C at 1 (DE 71) ("the law does not *prohibit* the asking of such questions, but rather *recommends* that health care providers *should* refrain from asking them.") (emphasis in original).

4

"mischaracterize[] Defendants' supplemental memorandum," and it certainly provides no basis at all for the Court to strike Plaintiff's Supplemental Memorandum.

- Finally, Defendants do not need leave to respond further to this matter. The briefings are closed, and Defendants have briefed their position in their Motion to Strike.

For these reasons, Plaintiffs respectfully request that Defendants' Motion to Strike and Alternative Request be denied.

Dated: August 15, 2011.

/s/ Edward M. Mullins
Edward M. Mullins (Fla. Bar No. 863920)

emullins@astidavis.com
Hal M. Lucas (Fla. Bar No. 853011)
hlucas@astidavis.com
Douglas J. Giuliano (Fla. Bar No. 15282)
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131-2847
Tel.: (305) 372-8282 / Fax: (305) 372-8202

-and-

Bruce S. Manheim, Jr.*
Bruce.manheim@ropesgray.com
Douglas H. Hallward-Driemeier*
Douglas.hallward@ropesgray.com
Augustine M. Ripa*
Augustine.ripa@ropesgray.com
Julia M. Lewis*
Julia.lewis@ropesgray.com
Ropes & Gray LLP
700 12th Street NW, Suite 900
Washington D.C. 2005
Tel.: (202) 508-4600 / Fax: (202) 383-8332

-and-

Jonathan E. Lowy*
jlowy@bradymail.org
Daniel R. Vice*
dvice@bradymail.org
Brady Center To Prevent Gun Violence
Legal Action Project
1225 Eye Street NW, Suite 1100
Washington, DC 20005
Tel.: (202) 289-7319 / Fax: (202) 898-0059
*Admitted pro hac vice
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 15, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              By:  /s/ Edward M Mullins_____
                Edward M. Mullins (Fla. Bar No. 863920)

**SERVICE LIST**

*Wollschlaeger, et al. v. Scott, et al.*
Case No.: 11-22026-Civ-COOKE/TURNOFF
United States District Court, Southern District of Florida

Jason Vail
Jay.vail@myfloridalegal.com
Assistant Attorney General
Office of the Attorney General
PL-01
The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300

*Counsel for Defendants*
Electronically served via CM/ECF

Gregory M. Cesarano
gcesarano@carltonfields.com
Carlton Fields, P.A.
Miami Tower
100 Southeast Second Street
Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Counsel for Amicus Curiae*
 *National Rifle Association*
Electronically served via CM/ECF