IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:11-CV-22026-COOKE/TURNOFF

DR. BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs,

v.

FRANK FARMER, *et al.*,

    Defendants.

_____/

## PLAINTIFFS' SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS
## IN SUPPORT OF CROSS MOTIONS FOR SUMMARY JUDGMENT

1.    The Board of Medicine's complaint form states in bolded lettering that "[b]edside manner or rudeness of practitioners" is not a basis for lodging a complaint. The form does not include a section allowing for disciplinary proceedings on the basis of physicians' questions or statements relating to firearm ownership. Plaintiffs' Supp. Memo. Ex. 1 (DE 73-1); available at http://www.doh.state.fl.us/mqa/enforcement/frm_general-medUCF.doc (last accessed November 11, 2011).

2.    Most Plaintiffs believe that having a complaint filed against them and/or being called before the Board of Medicine may result in various harms, including harm to their reputation, business, professional standing in the community, and/or relationship with patients. Many Plaintiffs believe that the harm could occur even if the complaint is unfounded, the violation was inadvertent, and/or the physician is eventually cleared of wrongdoing. Schaechter Decl. ¶ 23 (DE 21) ("Even if I am eventually found to have acted in good faith, I am concerned about the potential costs to be business and my practice, if a complaint if lodged against me."); Leland Decl. ¶ 11 (DE 30) ("The possibility of having to appear before the Florida Board of

- 1 -

- 2 -

Medicine if I even inadvertently violate the law is daunting: appearing before the Board could cost me my reputation in the medical community as well as my professional standing with colleagues and patients alike."); Welty Decl. ¶ 14 (DE 31) ("Even if I were to succeed in defending myself against such a complaint, I also fear a complaint being filed against me, which could harm my professional reputation, harm my business, and inflict a lot of cost and stress."); Edwards Decl. ¶ 15 (DE 27) ("Having to appear before the Board would have devastating consequences for my reputation, my mental, physical, and emotional health, my business, my career, and possibly even my livelihood, were I to lose my license."); Schechtman Decl. ¶ 13 (DE 22) ("If news that I had been brought before the Board of Medicine for a statutory violation were made public, it would sully my reputation in the community, even if I were eventually cleared of wrongdoing."); Wollschlaeger Decl. ¶ 11 (DE 23) ("[A]ppearing before the Board would damage my reputation in the medical community and my professional standing with colleagues and patients alike"); Fox-Levine Decl. ¶ 18 (DE 24) ("I do not want to end up in the middle of a controversy with my patients, their parents, and the state medical board, which could result in severe sanctions and cost me my reputation in the medical community as well as my professional standing with colleagues and patients alike."); Goodman Decl. ¶ 12 (DE 26) ("Appearing before the Florida Board of Medicine could cost me my reputation in the medical community, my professional standing with colleagues and patients alike, and potentially my medical license.  Even if I am found to not have violated the law, appearing before the Board would harm not only my medical reputation but also my business. . . .")

      3. Even if a physician believes that questions about firearms are relevant to a patient's care, the patient could file a complaint with the Board of Medicine.  *See* Fla. Stat. § 456.073(1).  Some Plaintiffs declared that even the possibility of having a complaint filed

against them or being called before the Board of Medicine has caused them to modify or cease inquiries and/or counseling regarding gun ownership for fear of harm caused by such events. Fox-Levine Decl. ¶ 18 (DE 24) ("The possibility of having to appear before the Florida Board of Medicine if I even inadvertently violate the law has caused me to self-censor almost all direct questions about gun ownership, and to provide only watered-down advice regarding gun safety."); Wollschlaeger Decl. ¶ 11 (DE 23) ("The possibility of having to appear before the Florida Board of Medicine if I even inadvertently violate the Law will cause me to err on the side of caution and refrain from discussing firearms as part of my standard preventative counseling. . . ."); Gutierrez Decl. ¶ 14 (DE 28) ("Even if I were to succeed in defending myself against such a complaint, I also fear a complaint being filed against me, which could harm my professional reputation, harm my business, and inflict a lot of cost and stress.  I am therefore considering ceasing to use the questionnaire.")

This 11th day of November, 2011.

                Respectfully submitted,

                /s/ Edward M. Mullins_____
                Edward M. Mullins (Fla. Bar No. 863920)
                emullins@astidavis.com
                Hal M. Lucas (Fla. Bar No. 853011)
                hlucas@astidavis.com
                Douglas J. Giuliano (Fla. Bar No. 15282)
                Astigarraga Davis Mullins & Grossman, P.A.
                701 Brickell Avenue, 16th Floor
                Miami, Florida 33131-2847
                Tel.: (305) 372-8282 / Fax: (305) 372-8202

                -and-

                Bruce S. Manheim, Jr.*
                Bruce.manheim@ropesgray.com
                Douglas H. Hallward-Driemeier*
                Douglas.hallward@ropesgray.com

Augustine M. Ripa*
Augustine.ripa@ropesgray.com
Julia M. Lewis*
Julia.lewis@ropesgray.com
Ropes & Gray LLP
700 12th Street NW, Suite 900
Washington D.C. 2005
Tel.: (202) 508-4600 / Fax: (202) 383-8332

-and-

Jonathan E. Lowy*
jlowy@bradymail.org
Daniel R. Vice*
dvice@bradymail.org
Brady Center To Prevent Gun Violence
Legal Action Project
1225 Eye Street NW, Suite 1100
Washington, DC 20005
Tel.: (202) 289-7319 / Fax: (202) 898-0059

*Admitted pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Edward M Mullins*_____
Edward M. Mullins (Fla. Bar No. 863920)

## SERVICE LIST
*Wollschlaeger, et al. v. Farmer, et al.*
Case No.: 11-22026-Civ-COOKE/TURNOFF
United States District Court, Southern District of Florida

Jason Vail
Jay.vail@myfloridalegal.com
Assistant Attorney General
Office of the Attorney General
PL-01
The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300

*Counsel for Defendants*
Electronically served via CM/ECF

Gregory M. Cesarano
gcesarano@carltonfields.com
Carlton Fields, P.A.
Miami Tower
100 Southeast Second Street
Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Counsel for Amicus Curiae*
   *National Rifle Association*
Electronically served via CM/ECF

Thomas Richard Julin
tjulin@hunton.com
Hunton & Williams
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2516
Facsimile: (305) 810-2460

*Counsel for Amicus Curiae*
   *American Civil Liberties Union, et al.*
Electronically served via CM/ECF