UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-22026-MGC

**DR. BERND WOLLSCHLAEGER**, et al.,

    Plaintiffs,

v.

**FRANK FARMER**, et al.,

    Defendants.

_____/

**NOTICE OF FILING**

**STATEMENT OF MATERIAL FACTS**

The defendants adopt the joint statement of material fact and assert the following additional facts.

1. Chapter 2011-112's title states that it is "An act related to the privacy of firearms owners." *Id*. at 1. The chapter creates s. 790.338, Fla. Stat., which in turn is titled "Medical privacy concerning firearms; prohibitions; penalties; exceptions."

2. Section 790.388(1) provides that a licensed health care practitioner "may not intentionally enter any disclosed information concerning firearm ownership into the patient's medical record if the practitioner knows that such information is not relevant to the patient's medical care or safety, or the safety of others."

3. Section 790.388(2) consists of two parts and provides that a health care practitioner "*shall respect a* patient's right to privacy and *should refrain* from making a written inquiry or asking questions concerning the ownership of a firearm or ammunition by the patient

1

or by a family member of the patient, or the presence of a firearm in a private home or other domicile of the patient or a family member of the patient. Notwithstanding this provision, a health care practitioner or health care facility that in good faith believes that this information is relevant to the patient's medical care or safety, or the safety of others, may make such a verbal or written inquiry." Emphasis added.

4. Section 790.338(4) provides that a "patient may decline to answer or provide any information regarding ownership of a firearm by the patient or a family member of the patient, or the presence of a firearm in the domicile of the patient or a family member of the patient. A patient's decision not to answer a question relating to the presence or ownership of a firearm does not alter existing law regarding a physician's authorization to choose his or her patients."

5. Section 790.388(5) provides that "A health care practitioner licensed under chapter 456 or a health care facility licensed under chapter 395 may not discriminate against a patient based solely upon the patient's exercise of the constitutional right to own and possess firearms or ammunition."

6. Section 790.338(6) consists of two parts and provides that a health care practitioner "*shall respect* a patient's legal right to own or possess a firearm and *should refrain* from unnecessarily harassing a patient about firearm ownership during an examination." Emphasis added.

7. Disciplinary proceedings against physicians are governed by s. 456.073, Fla. Stat. Proceedings may be initiated by the Department of Health or by a complaint from a citizen. A complaint must be in writing, signed by the complainant and legally sufficient. Section 456.073(1), Fla. Stat.  A complaint is legally sufficient if it contains ultimate facts that show a violation of chapter 456 or any of the practice acts governing professions regulated by the

2

Department of Health. *Id.* The Board of Medicine may also investigate on its own accord if it has reasonable cause to believe a relevant Florida Statute or rule has been violated. *Id.* When an investigation begins, the complaint is sent to the physician and he or she is permitted to respond. *Id.* After a finding of legal sufficiency, the department may dismiss at any time if it determines there is insufficient evidence to support prosecution of the allegations. Section 456.073(2), Fla. Stat. When an investigation concludes, it is referred to a probable cause panel. *Id.* The probable cause panel then votes on whether there is probable cause to believe that a violation has occurred, taking into account the department's investigation and the target's response. Section 456.073(4). Proceedings of the probable cause panel are exempt from the open meetings requirement of s. 286.011, Fla. Stat. until 10 days after the panel has found probable cause. Section 456.073(4), Fla. Stat. A finding of probable cause provokes an administrative hearing. Section 456.073(5). Complaints dismissed before a finding of probable cause are confidential. Section 456.073(2). The department must follow the instructions of the probable cause panel as to the filing of a complaint. Section 456.073(4), Fla. Stat. However, the department may decline to prosecute the case after the filing of a complaint if it finds that probable cause has been improvidently found. Section 456.073(4), Fla. Stat. In such cases, the department must refer the matter to the Board of Medicine, which may then decide whether to file a formal complaint pursuant to chapter 120, Fla. Stat. A formal hearing under chapter 120 is required for any disputed issues of fact. Section 456.073(5), Fla. Stat. Determinations as to the violation of any statute or rule related to physician conduct are subject to judicial review as final agency action under chapter 120, Fla. Stat. See s. 120.68, Fla. Stat.

    8.    Individuals affected by regulatory statutes or administrative rules affecting their professional practice can petition the Board of Medicine for an advisory opinion, technically

known as a declaratory statement, pursuant to s. 120.565, Fla. Stat., to seek an interpretation of such statutes or rules. Tellechea dec. p. 2. No plaintiff, nor anyone else, has yet requested such an advisory opinion. *Id.*

          Respectfully submitted,

          PAMELA JO BONDI
          ATTORNEY GENERAL

          s/ *Jason Vail*

          Jason Vail
          Florida Bar no. 298824
          Assistant Attorney General

          Diane G. Dewolf
          Florida Bar no. FBN 59719
          Deputy Solicitor General

          Office of the Attorney General
          PL-01, The Capitol
          Tallahassee, FL 32399
          (850) 414-3300

## CERTIFICATE OF SERVICE

2.       I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of record through use of the Court's CM/ECF system on November 14, 2011.

          s/ Jason Vail