IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:11-CV-22026-COOKE/TURNOFF

DR. BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs,

v.

FRANK FARMER, *et al.*,

    Defendants.

_____/

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS**

    Defendants' Response to Plaintiffs' Motion for Summary Judgment ("Response") (DE 98) contests Plaintiffs' Supplemental Statement of Undisputed Facts ("PSSUF") (DE 88). Defendants do not challenge the veracity of any of Plaintiffs' asserted facts; rather, they object only on the grounds that the asserted facts are irrelevant or improper opinion testimony. Defendants' objections are misplaced.

    Paragraph 1: Defendants argue that the Board of Medicine's complaint policy is not relevant. They are incorrect. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. "The standard for what constitutes relevant evidence is a low one," *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002), and "[t]he district court possesses broad discretion to admit evidence if it has *any* tendency to prove or disprove a fact in issue." *United States v. Terzado–Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990) (emphasis added).

The Board of Medicine's complaint form states in bolded lettering that "[b]edside manner or rudeness of practitioners" is not a basis for lodging a complaint. The Firearm Owners' Privacy Act, however, makes "unnecessary[y] harass[ment]" an actionable basis for patient complaints—but only with respect to speech regarding firearms. As a result, the complaint form tends to prove that the statute created a content-based speech restriction targeting a particular disfavored subject matter. The complaint form also tends to prove that the Act changed the *status quo* regarding physicians' speech. *See* 6/13/11 Hearing Transcript (DE 19); Pl. Supp. Memo. 2–8 (DE 73). The form is therefore relevant and admissible.

Paragraphs 2 and 3: Defendants object to Paragraph 2 and 3 on the ground that "the matter asserted is not based on personal knowledge, is speculative, and is inadmissible opinion." Paragraphs 2 and 3 merely describe Plaintiffs' personal opinions that having a complaint filed against them or being called before the Board of Medicine could result in various harms, and because of this possibility, their speech has been chilled. Those opinions fall directly into the realm of admissible opinion testimony by lay witnesses. *See* Fed. R. Evid. 701:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Notably, Defendants do not offer actual evidence that would raise doubts about Plaintiffs' beliefs. If Defendants had wished to do so, they could have deposed Plaintiffs on these issues.

Defendants do not contest the following material fact in Paragraph 3: "Even if a physician believes that questions about firearms are relevant to a patient's care, the patient could file a complaint with the Board of Medicine. *See* Fla. Stat. § 456.073(1)." *See* PSSUF ¶ 3.

Because that fact was not controverted by Defendants, it should be deemed admitted.  *See* S.D. Fla. Local Rule 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.")

This 5th day of December, 2011

Respectfully submitted,

/s/ Edward M. Mullins_____
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Hal M. Lucas (Fla. Bar No. 853011)
hlucas@astidavis.com
Douglas J. Giuliano (Fla. Bar No. 15282)
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131-2847
Tel.: (305) 372-8282 / Fax: (305) 372-8202

Bruce S. Manheim, Jr.*
Bruce.manheim@ropesgray.com
Douglas H. Hallward-Driemeier*
Douglas.hallward@ropesgray.com
Augustine M. Ripa*
Augustine.ripa@ropesgray.com
Ropes & Gray LLP
700 12th Street NW, Suite 900
Washington D.C. 20005
Tel.: (202) 508-4600 / Fax: (202) 383-8332

Jonathan E. Lowy*
jlowy@bradymail.org
Daniel R. Vice*
dvice@bradymail.org
Brady Center To Prevent Gun Violence
Legal Action Project
1225 Eye Street NW, Suite 1100
Washington, DC 20005
Tel.: (202) 289-7319 / Fax: (202) 898-0059
*Admitted pro hac vice
*Counsel for Plaintiffs*

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Edward M Mullins*_____
Edward M. Mullins (Fla. Bar No. 863920)

## SERVICE LIST
*Wollschlaeger, et al. v. Farmer, et al.*
Case No.: 11-22026-Civ-COOKE/TURNOFF
United States District Court, Southern
District of Florida

Jason Vail
Jay.vail@myfloridalegal.com
Assistant Attorney General
Office of the Attorney General
PL-01
The Capitol
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300

*Counsel for Defendants*
Electronically served via CM/ECF

Gregory M. Cesarano
gcesarano@carltonfields.com
Carlton Fields, P.A., Miami Tower
100 Southeast Second Street
Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Counsel for Amicus Curiae*
   National Rifle Association
Electronically served via CM/ECF

Thomas Richard Julin
tjulin@hunton.com
Hunton & Williams
1111 Brickell Avenue
Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2516
Facsimile: (305) 810-2460

*Counsel for Amicus Curiae*
   American Civil Liberties Union, et al.
Electronically served via CM/ECF