IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:11-CV-22026-COOKE/TURNOFF

DR. BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs,

v.

FRANK FARMER, *et al.*,

    Defendants.

_____/

**PLAINTIFFS' VERIFIED MOTION TO RECOVER ATTORNEYS' FEES AND COSTS
AND ACCOMPANYING MEMORANDUM OF LAW**

As the prevailing party in this matter, Plaintiffs move to recover attorneys' fees and costs pursuant to 42 U.S.C. §§ 1983, 1988, Federal Rule of Civil Procedure 54(d)(2), and Local Rule 7.3. This motion should be granted for reasons set forth in the memorandum of law below.

**MEMORANDUM OF LAW**

On June 6, 2011, Plaintiffs filed this action seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments of the United States Constitution. The Court thereafter granted a preliminary and permanent injunction against Defendants. Without question, Plaintiffs are the prevailing party in the action and, as such, are entitled to fees and costs under the attorney fees provision set forth at 42 U.S.C. § 1988. Indeed, counsel's outstanding success on behalf of their clients on a *pro bono* basis has been nationally recognized by both the *National Law Journal* and the *Daily Business Review*.

For the reasons described below and in the accompanying documentation, Plaintiffs seek an order awarding it $686,299.00 in fees and $284.67 in costs and expenses, including

- 1 -

$586,237.50 in fees and $85.46 in costs and expenses incurred by outside counsel Ropes & Gray, $45,067.75 in fees and $199.21 in costs and expenses incurred by local counsel Astigarraga Davis Mullins & Grossman PA ("Astigarraga Davis"), and $54,993.75 in fees incurred by the Brady Center.[1]

## ARGUMENT

### I. PLAINTIFFS ARE THE PREVAILING PARTY ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

Prevailing parties bringing suit under 42 U.S.C. § 1983 are entitled to recover their reasonable attorneys' fees and costs. *See* 42 U.S.C. § 1988(b) (2012) ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ."). A prevailing party in a federal civil rights suit "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968); *accord Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983). "Awards of attorney fees are an integral part of the remedies necessary to obtain compliance with the civil rights laws." *Price v. Pelka*, 690 F.2d 98, 101-02 (6th Cir. 1982) (citation omitted). Indeed, the award of attorney's fees is especially appropriate in cases of first impression—such as this case—because they "generally require more time and effort on the attorney's part . . . [and] he should be appropriately compensated for accepting the challenge." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

---

[1] Pursuant to this Court's Omnibus Order, Plaintiffs will submit a supplemental motion seeking additional fees and costs incurred in litigating the pending appeal to the extent allowed by law within fifteen days of the issuance of the mandate by the Court of Appeals. *See* Omnibus Order at 4 (ECF No. 117). Thus, such fees and costs are not requested or addressed within this motion.

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (quotation marks omitted); *see also Farrar v. Hobby*, 506 U.S. 103, 111 (1992) ("[T]o qualify as a prevailing party [entitled to fees], a civil rights plaintiff must obtain at least some relief on the merits of his claim . . . [and] obtain an enforceable judgment against the defendant from whom fees are sought.") (citation omitted); *Crowder v. Hous. Auth. of Atlanta*, 908 F.2d 843, 848 (11th Cir. 1990) ("If the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit' the plaintiff has crossed the threshold to a fee award of some kind.") (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)) (quotation marks omitted).

The United States Supreme Court has made clear that the *Hensley* standard is designed to effectuate Congress's intent "to ensure 'effective access to the judicial process' for persons with civil rights grievances," *Hensley*, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, at 1 (1976)), and therefore is "generous" to plaintiffs. *Hensley*, 461 U.S. at 433; *see also Doe v. Busbee*, 684 F.2d 1375, 1379 (11th Cir. 1982) ("The Congressional purpose in authorizing awards of attorney's fees to plaintiffs as prevailing parties was to assist private attorneys general in vindicating civil rights."). A plaintiff need not prevail on every single claim or legal theory to recover attorneys' fees so long as "he proves 'his entitlement to *some* relief on the *merits* of his claims.'" *Jean v. Nelson*, 863 F.2d 759, 766 (11th Cir. 1988) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (emphasis in original)); *accord McDevitt v. Comm'r of Social Sec.*, No. 6:05-cv-1120-Orl-31KRS, 2007 WL 4365646, at *1 (M.D. Fla. Dec. 12, 2007).

In the instant case, the Court granted Plaintiffs' motion for summary judgment in its entirety and issued declaratory and injunctive relief rendering all provisions challenged by Plaintiffs—specifically, Fla. Stat. § 790.338(1), (2), (5), and (6)—unconstitutional and unenforceable.[2] (*See* ECF No. 106.)  The Court also permanently enjoined Defendants from "enforcing § 790.338(8), to the extent it provides that violations of § 790.338(1) and (2) constitute ground for disciplinary action" and "§ 456.072(1)(mm), to the extent that it provides that violations of § 790.338(1), (2), (5), and (6) shall constitute grounds for which disciplinary actions specified under § 456.072(2) may be taken."  (*Id.*)  The Court also denied the motion of the National Rifle Association to intervene in this case, which Plaintiffs had opposed.  (*See* ECF No. 55.)  Thus, there can be no dispute that this action has been fully resolved in favor of Plaintiffs in such a way as to "materially alter[] the legal relationship between" the parties, *Crowder*, 908 F.2d at 849, thus rendering Plaintiffs the prevailing parties under 42 U.S.C. § 1988.

Additionally, no special circumstances exist rendering a fee award to Plaintiffs unjust in this case.  "[D]efendants 'bear the burden of proving the existence of special circumstances'" to avoid paying attorneys' fees, *Crowder*, 908 F.2d at 850, and "the special circumstances exception . . . 'should be narrowly construed so as to not to interfere with the congressional purpose in passing such statutes.'"  *Maloney v. City of Marietta*, 822 F.2d 1023, 1027 (11th Cir. 1987) (quoting *Martin v. Heckler*, 773 F.2d 1145, 1149-50 (11th Cir. 1985)).  Here, Plaintiffs' request is well-documented, accurate, and reasonable.  Defendants had the opportunity to consent to a permanent injunction but instead have opposed all relief sought and continue to defend this unconstitutional statute on appeal.  Moreover, "the fact that an award of attorneys'

---

[2] The four sections of the statute that the court enjoined were the only four sections Plaintiffs challenged.

fees against a governmental body ultimately will fall on taxpayers [does not] justif[y] a denial of attorneys' fees under the 'special circumstances' exception." *Robinson v. Kimbrough*, 652 F.2d 458, 467 (5th Cir. 1981) (citation omitted). Accordingly, Plaintiffs are entitled to an award of fees in this case.

## II. THE REQUESTED FEE AWARD IS REASONABLE.

### A. The Lodestar Method is the Appropriate Manner of Calculating Fees

The Supreme Court has endorsed the lodestar method as meeting the reasonableness standard set forth in civil rights fee-shifting statutes such as 42 U.S.C. § 1988. *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1669 (2010) ("[T]here is a strong presumption that the lodestar is sufficient . . . ."). The Eleventh Circuit and the Southern District of Florida also have adopted the lodestar method in determining reasonable attorney's fees. *See, e.g., Norman*, 836 F.2d, 1292 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture v. City of Miami*, 771 F. Supp. 1190 (S.D. Fla. 1991). To determine the "lodestar," the court calculates the hours reasonably expended by counsel multiplied by the prevailing market rates. *Perdue*, 130 S. Ct. at 1672; *Norman*, 836 F.2d at 1299. The resulting lodestar is "presumed to be the reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 897 (1984). In addition to hours worked by lawyers, the lodestar includes hours worked by paralegals and law clerks. *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 285-289 (1989).

### B. Counsel Spent a Reasonable Number of Hours at Reasonable Hourly Rates

Plaintiffs seek compensation for time reasonably spent prosecuting this action for over one year, prevailing at each stage of the litigation, at reasonable hourly rates. Specifically, Plaintiffs request compensation for a total of 1863 hours, totaling $686,299.00 in fees. *See infra*, Section IV; Exs. A-G.

1.     Counsels' Time Records Document the Actual and Reasonable Number of Hours Expended In This Litigation

All requested hours are based on contemporaneous time records and are supported by declarations and exhibits documenting the tasks performed by counsel and the time devoted to each task.  (*See id.*; Ex. A ("Manheim Decl."); Ex. B ("Mullins Decl."); Ex. C ("Lowy Decl.").) The submitted records are "of sufficient detail and probative value to enable the [c]ourt to determine with a high degree of certainty that such hours were actually and reasonably expended in the . . .litigation." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 552-53 (6th Cir. 2008) (citation and internal quotation marks omitted); *Gowen Oil Co. v. Abraham,* No. CV 210-157, 2012 WL 1098568, at *3 (S.D. Ga. Mar. 30, 2012) (finding that when the plaintiffs' counsel "provided detailed itemized bills documenting every action" and "[i]mportantly . . . submitted . . . [an] affidavit . . .[,] they "provided ample and specific evidence demonstrating the actual fees it incurred.").  Indeed, "Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended."  *Hensley*, 461 U.S. at 437 n.12.  Rather, counsel need only "identify the general subject matter of his time expenditures."  *Id.*  Moreover, in considering whether the amount of time was reasonable, counsel's "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988); *see also Heinkel ex rel. Heinkel v. Sch. Bd. of Lee County*, No. 2:04-cv-184-FtM-33SPC, 2007 WL 2757366, at *6 (M.D. Fla. Sept. 20, 2007) (citing same). Additionally, the novel and previously undecided issues pursued by Plaintiffs' attorneys in this litigation further demonstrate the reasonableness of the hours expended because "[c]ases of first impression generally require more time and effort on the attorney's part."  *See Johnson*, 488 F.2d at 718.

Here, Plaintiffs' counsel has set forth the date of each entry, the timekeeper, and a detailed description of the legal services rendered. *See* Exs. D-F. Moreover, during the meet and confer process, counsel for Plaintiffs agreed to omit approximately 130 hours (totaling approximately $50,000 in fees) in response to Defendants' objections, and revised other entries to address questions Defendants raised as to the division of time between tasks, for greater detail and specificity, and other issues such as necessity. *See* Manheim Decl. ¶ 20.

>         2.    Counsels' Voluntarily-Reduced Hourly Rates Are Reasonable In Light of the Prevailing Market Rate in the Southern District of Florida

The reasonableness of a claimed hourly rate is determined by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11) (citations omitted). Fee awards pursuant to 42 U.S.C. § 1988 are "governed by the same standards which prevail in other types of equally complex Federal litigation." *Blum*, 465 U.S. at 893 (citation omitted). As such, to determine the reasonable hourly rate in this litigation, the court must examine the rate that lawyers of similar skill, reputation, and experience would charge fee-paying clients in similarly complex litigation in the relevant community, as supported by the attached documentation. *Id.* at 895-96 & n.11; *see also Missouri*, 491 U.S. at 286; *Norman*, 836 F.2d at 1300; *Cuban Museum*, 771 F. Supp. at 1191-92.

As a general rule, the relevant community for determining appropriate fee levels is the district where the case was filed, but courts may also award fees at rates determined by the community in which plaintiff's counsel resides if there is a lack of local attorneys who are "willing or able to handle" his claims. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983) ("[C]ourts are free to look to a national market, an area of specialization market

or any other market they believe appropriate to fairly compensate particular attorneys in individuals cases" because "[f]ocusing on the fair market value of the attorney's services will best achieve . . . [Congress's] goal" of attracting competent counsel). Here, Plaintiffs acted reasonably by retaining counsel in Washington, D.C., who had specific expertise in civil rights and constitutional law (both First Amendment and Second Amendment), and who were willing to take on a case of first impression. (*See* Manheim Decl. ¶¶ 1-16, 23.)

Despite their considerable expertise, Plaintiffs' counsel from Ropes & Gray have voluntarily reduced current hourly fees for its lawyers and paralegals, ranging from $805.00 to $255.00, to the prevailing market rates applicable to inside and outside counsel in the Southern District of Florida. As such, Plaintiffs' outside counsel Ropes & Gray seeks fees at the hourly rate of $450.00 for partners of Ropes & Gray (and lead counsel in this litigation), $350.00 for associates, and $150.00 for paralegals. (*Id.* ¶ 22.) Similarly, the attorneys from the Brady Center have adopted the reasonable hourly rates of $450.00 per hour for Jon Lowy, $400.00 per hour for Daniel Vice, $175.00 per hour for work performed by its legal fellows, and $125.00 per hour for its paralegal. (*See* Lowy Decl. ¶ 13.)[3]

This voluntary reduction in rates is based on similar reductions to outside counsel within the Southern District of Florida, as well as rates that have previously been found reasonable for counsel of similar skills, reputation, and experience. *See, e.g., Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, No. 10-61519-CIV, 2012 WL 253255, at *2 (S.D. Fla. Jan. 26, 2012) (finding that the hourly rate of $350.00 is a reasonable rate for outside counsel based in Chicago, Illinois, though the Chicago rates ranged from $825.00 to $350.00 an hour) (Cooke, J.); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-

---

[3] Additionally, while reasonable travel time and expenses may be claimed by outside counsel, Plaintiffs' outside counsel have omitted all hours attributed solely to traveling to and from their places of residence to the Southern District of Florida.

80241-CIV , 2011 WL 4118234 (S.D. Fla. Sept. 15, 2011) (upholding an hourly rate of $425.00 for plaintiff's lead attorney in the matter, who had practiced in South Florida for 27 years); *Nukote Int'l, Inc. v. Office Depot, Inc.,* No. 09-82363-Civ., 2011 WL 2837466, at \*\*9-10 (S.D. Fla. Apr. 11, 2011) (approving fees up to $500.00 for attorneys from a Washington, D.C. firm); *Centerpoint, LLC v. Langson*, No. 07-60781-CIV-HURLEY/HOPKINS, ECF. Nos. 51, 52 (upholding Report & Recommendation of an hourly rate of $400.00 for outside counsel with 14 and 19 years of experience originally requesting $535.00 and $495.00, respectively); *see also* Mullins Decl. ¶¶ 9, 11 (stating that a rate of $450.00 for an attorney with 22 years of experience handling civil litigation suits throughout the United States and Florida is reasonable in light of the prevailing market rate in the Southern District of Florida).

Additionally, Plaintiffs' local counsel have maintained their present prevailing hourly rates ranging from $450.00 to $170.00, which local counsel believe are reasonable within the Southern District of Florida for the attorneys' respective skills, reputation, and experience. (*See* Mullins Decl. ¶¶ 10-11.)

### C. Plaintiffs' Fee Request is Especially Reasonable in Light of the *Johnson* Factors

The *Johnson* factors, which inform the calculation of the lodestar in the Eleventh Circuit, further weigh in favor of the requested fee award in this case. *See Johnson*, 488 F.2d at 717-19 (setting forth a subjective method of determining reasonable fees based on 12 factors); *see also Norman*, 836 F.2d at 1299 (recognizing that the *Johnson* factors may "be considered in terms of their influence on the lodestar amount" (citation omitted)); *Hart v. Guardian Credit Union*, --F. Supp. 2d --, 2012 WL 2512906, at \*4 (M.D. Ala. June 29, 2012) ("In conducting . . . [the lodestar] inquiry, the court is guided by the twelve factors set out in *Johnson* . . . ." (citation omitted)). These *Johnson* factors include:

> (1) time and labor expended; (2) novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the litigation; (5) the customary fee for similar work; (6) the attorneys' expectations at the outset of litigation; (7) time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) fee awards in similar cases.

*Johnson*, 488 F.2d at 717-19.

The second *Johnson* factor indicates that "[c]ases of first impression generally require more time and effort on the attorney's part . . . [and therefore] . . . he should be appropriately compensated for accepting the challenge." *Johnson*, 488 F.2d at 718. Thus, courts are more likely to award full fees to cases of first impression, such as the case here, given that implicate "novel and difficult[]" questions. *Id.*

Similarly, the third and ninth *Johnson* factors considering the "skill required" and the "experience, reputation and ability" of the attorneys, further supports the requested award. (*See* Manheim Decl. ¶¶ 1-16; Mullins Decl. ¶¶ 4-8, 11; Lowy Decl. ¶¶ 6-11.) Counsels' considerable skill, reputation, and ability are supported by the national recognition counsel have received as a result of their tireless effort to succeed for their clients, paying or otherwise, including in this litigation. For example, in 2011, co-lead counsel Bruce Manheim was profiled in the June 27 issue of the *National Law Journal* for his work providing *pro bono* services, including his extensive work on this litigation. Selections for this "Champions" award are made based upon nominations from the legal community and the publication's reporting and research. (Manheim Decl. ¶ 5). Co-lead counsel Douglas Hallward-Driemeier was similarly nationally recognized by Chambers USA: America's Leading Lawyers of Business for appellate litigation in 2011 and 2012. (*Id.* ¶ 9). Likewise, local counsel Edward Mullins was recently selected as a finalist by the *Daily Business Review* as South Florida's "Most Effective Lawyer" for 2012 in the category

of Public Interest.  (Mullins Decl. ¶ 7).   Moreover, this litigation challenging a one-of-a-kind state law has garnered national attention, reported on by media outlets such as the *New York Times* and *Law360*.   (Manheim Decl. ¶ 26).  In fact, the national attention and potential ramifications of this litigation resulted in both the national American Medical Association and National Rifle Association filing an *amicus* brief before this Court and in the Eleventh Circuit appeal, as well as many additional *amici* from organizations throughout the country.  (*Id.*)

Additionally, Plaintiffs undeniably achieved favorable results throughout this litigation, including preliminary injunction and culminating in a declaratory judgment and permanent injunction against Defendants.  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  *Hensley*, 461 U.S. at 435.  Indeed, "the most critical factor is the degree of success obtained."  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (citation and quotation marks omitted).  The results obtained in this litigation— and the national recognition such results have received—further suggest that Plaintiffs' counsel should recover their requested fees.

Finally, the fee rates requested by outside counsel are substantially lower than the rates Ropes & Gray charges other clients for cases of similar complexity.  Though Plaintiffs' counsel are representing Plaintiffs *pro bono* in this matter, this "does not preclude the award of a reasonable fee to . . . [Plaintiffs as the] prevailing party."  *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989).  Because the fee award in this case is "governed by the same standards which prevail in other types of equally complex Federal litigation," *Blum*, 465 U.S. at 893, Ropes & Gray could have sought fees in accordance with the hourly rates it charges its paying clients. However, Ropes & Gray has, in an effort to narrow the differences between the parties, endeavored to request fees calculated at rates prevalent in the Southern District of Florida rather

than those prevailing in Washington, D.C.  Accordingly, the requested fees are reasonable and the Court should grant Plaintiffs' motion.

### III.     PLAINTIFFS ARE ENTITLED TO RECOVER COSTS AND EXPENSES IN ADDITION TO FEES.

As the prevailing party in this action, Plaintiffs are also entitled to recover costs and expenses in addition to attorney's fees.  As the Eleventh Circuit has explained, "[t]he fee statutes provide for the reimbursement of reasonable costs incurred as well as the award of attorney's fees." *Brooks v. Ga. State Bd. of Elections*, 997 F.2d 857, 861 n.3 (11th Cir. 1993). This is "because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1190 (11th Cir. 1983); *see also Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) ("Items that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount."), *overruled on other grounds* by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) ("[R]easonable out-of-pocket expenses of the kind normally charged to clients by attorneys . . . should have been included as part of the reasonable attorney's fees awarded." (citation omitted)).

In addition to costs already taxable under the Bill of Costs, which the Court has granted, (*see* ECF Nos. 117), Plaintiffs seek to recover only those additional nontaxable costs supported by relevant case law.[4]  *See, e.g, Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV-SIMONTON, 2012 WL 2119865, at \*\*9-12 (S.D. Fla. June 11, 2012) (awarding costs for postage costs and courier service); *Dependable Component Supply, Inc.*, 2012 WL 253255, at

---

[4] Plaintiffs are purposefully not seeking additional costs counsel has incurred, such as expenses associated with computerized research, which this Circuit and this Court have deemed non-recoverable.  *See, e.g, Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. Mar. 7, 2008) (computerized legal research "'clearly nonrecoverable'" (citation omitted)); *Dependable Component Supply, Inc.*, at \*2 (same).

\*\*2-3 (awarding costs for postage costs); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV., 2011 WL 2535258, \*\*11-12 (S.D. Fla. June 27, 2011) (awarding costs for postage costs and courier services). As such, Plaintiffs request that the following costs incurred by Ropes & Gray be awarded: $85.46 for postage. Plaintiffs also request that the following costs incurred by Astigarraga Davis: $107.21 for postage costs, and $92.00 for courier services. All costs incurred are documented in the supporting exhibits. (*See* Exhibit H; Manheim Decl. ¶ 18; Mullins Decl. ¶ 14.) These costs and expenses—totaling $284.67—are reasonable and the Court should grant Plaintiffs' motion for all costs.

## IV. PLAINTIFFS HAVE PROVIDED PROPER DOCUMENTATION SUPPORTING ITS REQUEST.

Plaintiffs request a total award of $686,299.00 in fees and $284.67 in costs and expenses. To demonstrate the fees incurred, and for ease of the Court's consideration, Plaintiffs have divided the litigation into seven distinct phases: (1) assembling the complaint; (2) preliminary injunction proceedings and amended complaint; (3) response to National Rifle Association's ("NRA") motion to intervene; (4) oral argument; (5) supplemental brief and response to Defendants' motion to strike; (6) summary judgment proceedings; and (7) motion for attorneys' fees and costs. Each of these phases is described in more detail below. Exhibit D provides detailed documentation reflecting a description of the time incurred by each Ropes & Gray attorney or paralegal during each phase of the litigation. Exhibit E provides a similar table reflecting descriptions of the time incurred by Astigarraga Davis and Exhibit F provides the same for each attorney or paralegal from the Brady Center. Exhibit G reflects the total and a summary of the time incurred and fees requested by each attorney or paralegal for which Plaintiffs are requesting fees during each of these phases. Exhibit H provides an itemization of the costs and expenses sought by Ropes & Gray and Astigarraga Davis.

*Phase 1: Assembling the Complaint*

In this phase of the litigation, counsel drafted the Complaint to initiate the lawsuit against Defendants. In this connection, counsel undertook a detailed analysis of the Firearm Owners' Privacy Act, including a study of its legislative history, and identified a basis for the lawsuit. Counsel also performed extensive research on the key legal and factual issues, including substantial analysis of First and Second Amendment case law and its application to the Act, Plaintiffs' standing to challenge the constitutionality of the Act, and the practice of preventative medicine. Counsel also interviewed Plaintiffs in order to accurately draft allegations to establish standing and ripeness within the Complaint. Counsel worked with Plaintiffs to revise and finalize the Complaint. During this phase, counsel also researched applicable rules regarding service of process and *pro hac vice* notices, determined the proper named Defendants and venue, and obtained local counsel. Counsel thereafter coordinated all proceedings related to the filing of the Complaint, pro hac notices, and service of process.

*Phase I Hours*: 289.05                           *Phase 1 Fees Sought:* $106,978.00

*Phase 2: Preliminary Injunction Proceedings and Amended Complaint*

In this phase, counsel drafted Plaintiffs' Amended Complaint with additional factual and legal support gathered throughout this phase; researched the requirements for preliminary injunctions and finalized their legal arguments in support thereof; drafted Plaintiffs' Motion for Preliminary Injunction; continued to interview named Plaintiffs for factual background; and drafted and revised a total of fifteen (15) Plaintiff declarations filed in support of Plaintiffs' motion for preliminary injunction. Counsel also coordinated the review, revisions, and signing

of all declarations by Plaintiffs and the filing of the Amended Complaint, preliminary injunction motion, and supporting declarations. In addition, counsel conferred with Defendants regarding the proper Defendants to be named in this matter and negotiated an agreement on the same.

Additionally, counsel drafted a reply in support of its motion for preliminary injunction which required additional research and analysis to address a variety of legal and factual arguments set forth in Defendants' opposition, including case law surrounding the doctrine of ripeness, the captive audience doctrine, and professional speech. Counsel also analyzed legislative history cited by Defendants and drafted a declaration in response. The Court granted Plaintiffs' motion for preliminary injunction.

*Phase 2 Hours:* 675.10              *Phase 2 Fees Sought:* $244,690.00

*Phase 3: Response to NRA's Motion to Intervene*

This phase involved an analysis of and response to the NRA's motion to intervene in the litigation. Pursuant to the NRA's motion to expedite the Court's consideration of the NRA's motion, counsel worked on an expedited schedule to respond to the NRA's motion, analyzing relevant case law and quickly drafting its response objecting to the NRA's intervention. Shortly thereafter, counsel drafted a separate response to the NRA's motion for leave to file/participate as *amicus curiae*. The Court denied the NRA's motion to intervene.

*Phase 3 Hours:* 66.10              *Phase 3 Fees Sought:* $26,291.00

*Phase 4:  Oral Argument*

This phase of the lawsuit involved the preparation for and presentation at a hearing before the court on Plaintiffs' motion for preliminary injunction. Prior to the hearing, counsel reviewed the pleadings and supporting case law in great depth and prepared for and participated in a moot court hearing with team members. Following the moot hearing, counsel revisited strategy and

ultimately counsel presented arguments in support of Plaintiffs' position to the Court. Out-of-state counsel are *not* requesting fees for the hours spent traveling to and from Florida for the hearing.

*Phase 4 Hours:* 58.50                                        *Phase 4 Fees Sought:* $32,299.50

*Phase 5: Supplemental Brief and Response to Defendants' Motion to Strike*

In this phase, counsel researched and prepared a supplemental brief at the invitation of the Court following oral argument. Counsel carefully conducted legal and factual research pertaining to the specific issues identified by the Court, including the restriction of speech caused by the Act, the legislative history of the Act, the Defendants' conflicting positions on the meaning of the law, and the issue of ripeness. Moreover, in order to adequately address the Court's concerns, counsel communicated with various Plaintiffs and drafted four (4) additional declarations in support of the supplemental filing. Upon receiving Defendants' motion to strike Plaintiffs' supplemental filing, counsel drafted a brief response in opposition to the motion to strike. The Court ultimately denied Defendants' motion to strike.

*Phase 5 Hours:* 210.00                                        *Phase 5 Fees Sought:* $82,129.00

*Phase 6: Summary Judgment Proceedings*

The final phase of the litigation involved researching and drafting a motion for summary judgment, as well as an opposition in response to Defendants' cross-motion for summary judgment. Counsel carefully reviewed prior pleadings, updated applicable case law, and thoroughly edited and revised its motion for summary judgment. In addition, counsel prepared a joint statement of undisputed facts and conferred with opposing counsel regarding revisions and finalization of same. Upon receiving Defendants' cross-motion for summary judgment, counsel discussed a strategy for responding to Defendants' arguments regarding the constitutionality of

the Act, analyzed relevant case law, legislative history, and civil rights statutes cited by Defendants, and drafted a brief in opposition.  Additionally, counsel researched and drafted a reply brief in support of its motion for summary judgment and responses to Defendants' statement of undisputed facts.  The Court granted Plaintiffs' motion for summary judgment, declaratory judgment, and permanent injunction as requested by Plaintiffs in its entirety.

*Phase 6 Hours:* 411.60                                                    *Phase 6 Fees Sought:* $146,689.50

### *Phase 7: Motion for Attorneys' Fees and Costs*[5]

In this phase, counsel compiled and analyzed time sheets for all team members throughout the litigation, categorizing the hours by phase for ease of the Court's consideration. Counsel also researched relevant local rules and case law in the Eleventh Circuit and Southern District of Florida, including the applicable computing method, prevailing party case law, and reasonable hourly rates.  Counsel also made strategic decisions regarding the reduction of claimed hourly rates, hours spent on the litigation, and costs.  Thereafter, counsel drafted this motion for attorneys' fees and costs and all accompanying documentation, met and conferred with opposing counsel pursuant to the local rules, and revised the motion and exhibits in response to the issues discussed during the meet and confer process.

*Phase 7 Hours:* 127.80                                                    *Phase 7 Fees Sought:* $47,222.00

---

[5] Courts in the 11th Circuit have allowed recovery for time spent preparing fee applications. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010) ("Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees." (citation omitted)); *Villano*, 254 F.3d at 1309  ("A prevailing party is entitled to reasonable compensation for litigating a § 1988 award." (citation omitted)); *Jonas v. Stack*, 758 F.2d 567, 569 (11th Cir. 1985) (permitting "an attorney to be compensated for the costs reasonably incurred . . . [in relation to] his fee application"); *Dougan v. Moore*, No. 3:91-cv-11-J-10, 2000 U.S. Dist. LEXIS 22662, at *20 (M.D.Fla. Jan. 25, 2000) (finding that "[g]enerally, under the Civil Rights Attorney's Fees Awards Act of 1976 ('CRAFAA'), 42 U.S.C. §1988, fees for preparing a motion requesting costs and fees, or 'fees on fees,' are recoverable.").

## CONCLUSION

As the prevailing party and based on the foregoing, Plaintiffs respectfully request that this Court award attorneys' fees in the amount of $686,299.00 and costs and expenses in the amount of $284.67 as supported in the attached exhibits.

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE ISSUES BY AGREEMENT

I hereby certify that in accordance with S.D. Fla. Local Rule 7.3(b), counsel for Plaintiffs served a draft of this Motion on counsel for Defendants on July 30, 2012.  On September 21, 2012, counsel met and conferred within the time allotted by Local Rule 7.3 and the Court's Omnibus Order granting the parties' Joint Motion for Extension of Time and Motion for Stay of Execution (ECF No. 117).  Counsel had a subsequent meeting on October 5, 2012.  During the meet and confer process, counsel for Plaintiffs agreed to omit approximately $50,000 in fees in response to Defendants' objections, and revised other entries to address questions and issues counsel for Defendants raised as to the division of time between tasks, and for greater detail and specificity.

## VERIFICATION

Under penalties of perjury, we declare that we have read the foregoing and that the facts stated herein are true and correct.

Dated: November 30, 2012						Respectfully submitted,

*/s/ Bruce S. Manheim*
Bruce S. Manheim, Jr.*
Bruce.manheim@ropesgray.com
Douglas H. Hallward-Driemeier*
Douglas.hallward@ropesgray.com
Ropes & Gray LLP
700 12th Street NW, Suite 900
Washington D.C. 20005
Tel.: (202) 508-4600 / Fax: (202) 383-8332

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Hal M. Lucas (Fla. Bar No. 853011)
hlucas@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131-2847
Tel.: (305) 372-8282 / Fax: (305) 372-8202

*/s/ Jonathan E. Lowy*
Jonathan E. Lowy*
jlowy@bradymail.org
Daniel R. Vice*
dvice@bradymail.org
Brady Center To Prevent Gun Violence
Legal Action Project
1225 Eye Street NW, Suite 1100
Washington, DC 20005
Tel.: (202) 289-7319 / Fax: (202) 898-0059

*Admitted pro hac vice
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2012, the foregoing document and its attachments were served via ECF to counsel for Defendants, Jason Vail, Assistant Attorney General, Office of the Attorney General, PL-01, The Capitol, Tallahassee, Florida 32399-1050, Jay.vail@myfloridalegal.com.

By: __/s/ Edward M. Mullins__
Edward M. Mullins