# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DR. BERND WOLLSCHLAEGER, et al., Plaintiffs,

v.

FRANK FARMER, et al., Defendants.

CASE NO.: 1:11-CV-22026-COOKE/TURNOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 11-22026-Civ-COOKE/TURNOFF

DR. BERND WOLLSCHLAEGER, *et al.*,

    Plaintiffs,

v.

FRANK FARMER, *et al.*,

    Defendants.

_____/

## **DECLARATION OF ATTORNEYS' FEES AND COSTS**

The undersigned, Bruce S. Manheim, Jr., swearing under oath pursuant to 28 U.S.C. § 1746, and being duly authorized, declares as follows:

1. My name is Bruce S. Manheim, Jr., and I make this declaration based upon my own personal knowledge, and to the extent it is not based on my personal knowledge, the sources of my information are stated and such information is true to the best of my knowledge and belief.

2. I am a Partner at Ropes & Gray LLP, and have almost thirty years of regulatory, legislative, and litigation experience in Washington, D.C. My practice has included a wide array of both billable and pro bono matters. I serve as lead counsel in this matter. I served on the Pro Bono Committee at Ropes & Gray.

3. I have been a member of the California (inactive status) and the District of Columbia Bars since 1988 and 1989, respectively. I was admitted pro hac vice into the Court to represent plaintiffs in this case. I graduated *cum laude* from the Georgetown University Law

Center in 1988. I also hold an MA in biology, *cum laude*, from Claremont Graduate University and an MSL in Public Policy, *cum laude*, from Vermont Law School.

4. I have received numerous recognitions in lawyer and business listings for both my regulatory and my pro bono practices. For instance, I was recognized in *Chambers USA: America's Leading Lawyers for Business* (2012), and in 2011 was awarded the *National Law Journal*'s 2011 "Champion Award," given for Upholding the Legal Profession's Core Values Through Public Service, *Pro Bono* Efforts and Advocacy for Civil Liberties.

5. Specifically, in the June 27, 2011 issue of the *National Law Journal*'s fourth edition of "Champions and Visionaries," I was recognized for "upholding the legal industry's professional mission of public duty," including my work on behalf of this case. The special section recognizes lawyers for their work advancing the law, improving government or providing pro bono services. Selections are made based upon nominations from the legal community and the publication's reporting and research.

6. Our firm serves as co-counsel for the Plaintiffs, Dr. Bernd Wollschlaeger, Dr. Judith Schaechter, Dr. Tommy Schechtman, Dr. Stanley Sack, Dr. Shannon Fox-Levine, Dr. Roland Gutierrez, American Academy of Pediatrics, Florida Chapter, American Academy of Family Physicians, Inc., Florida Chapter, and American College of Physicians, Florida Chapter, ("Plaintiffs") in this lawsuit. This affidavit is being submitted in support of the Motion for Attorneys' Fees and Costs.

7. Our firm undertook this representation on a pro bono basis with the expectation that, if we prevailed, we would recover our reasonable attorneys' fees.

8. A summary of the relevant experience of timekeepers at Ropes & Gray who billed time to this matter is a follows:

9. Douglas Hallward-Driemeier has been a Partner at Ropes & Gray since 2010. Previously, he worked for the Department of Justice in the Office of the Solicitor General and Civil Division Appellate Staff. Mr. Hallward-Driemeier was listed in Chambers USA: America's Leading Lawyers of Business (2011 and 2012) as nationally recognized in appellate litigation. He has argued over forty cases, including numerous constitutional cases, before the United States Supreme Court and federal courts of appeals. He clerked for the Honorable Amalya L. Kearse of the United States Court of Appeals for the Second Circuit. He graduated from Harvard Law School, *magna cum laude*, in 1994, and holds a Masters in Philosophy and Politics from the University of Oxford, where he studied as a Rhodes Scholar. He is a member of the Massachusetts Bar (since 1995) and District of Columbia Bar (since 2010).

10. Bessie Dewar joined Ropes & Gray as an Associate in 2010. Prior to joining the firm she clerked for Associate Justice Stephen G. Breyer, the Honorable Louis H. Pollak of the United States District Court for the Eastern District of Pennsylvania, and the Honorable William A. Fletcher of the United States Court of Appeals for the Ninth Circuit. She graduated from Yale Law School in 2006 and is a member of the New York and Massachussetts Bars.

11. Augustine Ripa joined Ropes & Gray as an Associate in 2008. He graduated from The George Washington University Law School in 2008 and is a member of the Virginia Bar and District of Columbia Bar.

12. Mariel Goetz joined Ropes & Gray as an Associate in 2008. She graduated from Harvard Law School in 2008 and is a member of the Virginia and District of Columbia Bars.

13. Scott Lemmon joined Ropes & Gray as an Associate in 2010. Prior to joining the firm he practiced for a year in the Civil Litigation Division of the Office of the Maryland Attoreny General, and clerked for the Honorable Robert J. Cordy of the Supreme Judicial Court

of Massachussetts. He graduated from Harvard Law School in 2008 and is a member of the Massachussetts and District of Columbia Bars.

14. Kelly O'Connell joined Ropes & Gray as an Associate in 2010. Prior to the joining the firm she clerked for a year with the Honorable Janis L. Sammartino of the United States District Court for the Southern District of California. She graduated from the University of North Carolina at Chapel Hill Law School in 2009, and is a member of the New York and District of Columbia Bars.

15. Julia Lewis joined Ropes & Gray as an Associate in 2010. She graduated from Harvard Law School in 2009 and is a member of the Massachussetts and District of Columbia Bar.

16. Sophia Antzoulatos has been a paralegal at Ropes & Gray since June 1999 and provides litigation support in complex matters.

17. Lauren Suarez is a paralegal at Ropes & Gray and provides litigation support in complex matters.

18. Exhibits D and G reflect the hours and fees incurred by Ropes & Gray on this matter. The case has been divided into seven (7) distinct phases for the purposes of the Motion to Recover Attorney's Fees and Costs. To assist in the Court's review of the pending Motion, the time entries for each phase for each Ropes & Gray attorney or paralegal, including time spent, the fee amount, and a narrative summary of each task, have been included in Exhibit D. This information has been aggregated with co-counsel's fees into a summary in Exhibit G. Documentation supporting Ropes & Gray's requested costs are set forth in Exhibit H.

19. It is Ropes & Gray's practice to keep regular and contemporaneous records of the time each attorney or paralegal spends on litigation matters in a computerized time system as

those tasks are completed. These exhibits represent a true and correct statement of the hours and services which I, and the other attorneys involved in this matter, have rendered in this case and are the basis of this Motion. I have reviewed the time entries and narrative summaries, as well as the requested costs, relating to legal services performed by Ropes & Gray and they are accurate to the best of my knowledge and belief.

20.     Additionally, during the meet and confer process, all co-counsel for Plaintiffs agreed to omit approximately 130 hours (totaling approximately $50,000 in fees) in response to Defendants' objections, and revised other entries to address questions Defendants raised as to the division of time between tasks, for greater detail and specificity, and other issues such as necessity.

21.     I believe the hours and expenses Ropes & Gray is claiming are reasonable. In keeping with case law such as *Martin v. University of South Alabama*, 911 F.3d 604, 610 (11th Cir. 1990) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation" (quoting *Norman v. Montgomery Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988)), we look to the lodestar method and ask that our reasonable hours spent on this litigation be multiplied by a reasonable rate.

22.     To define that reasonable rate, we are mindful of cases like *Dependable Component Supply, Inc. v. Carrefour Infromatique Tremblant, Inc.*, 2012 U.S. Dist. LEXIS 9246 (S.D. Fla. 2012) (lowering requested Chicago rates to a rate consistent with the Florida marketplace). On the other hand, cases in this same District Court have granted fees above $350.00: in *Nukote International, Inc. v. Office Depot, Inc.,* 2011 U.S. Dist. LEXIS 80292, *26-27 (S.D. Fla. 2011), fees of up to $500.00 were approved for attorneys from a Washington, D.C.

firm, and in *Great Lakes Transportation Holding LLC v. Yellow Cab Service Corporation of Florida, Inc.,* 2011 U.S. Dist. LEXIS 104746, *9 (S.D. Fla. 2011) a fee of $425.00 for local counsel was approved.

23.     In most matters, my current hourly rate is $805.00. The current hourly rates for my colleagues are as follows:  Douglas Hallward-Driemeier: $790.00; Bessie Dewar: $640.00; Augustine Ripa: $550.00; Scott Lemmon: $550.00; Mariel Goetz: $550.00; Kelly O'Connell: $495.00; Julia Lewis: $430.00; Sophia Antzoulatos: $255.00; and Lauren Suarez: $215.00.

24.     However, in keeping with the precedent in the Southern District of Florida and in order to move this matter to an expeditious conclusion, we are voluntarily not requesting our standard hourly rates. Instead, we are requesting fees based on those routinely declared reasonable and awarded by this Court for attorneys with similar experience, reputation, and skill.  The hourly rates we seek are $350.00 per hour for associates, $450.00 per hour for partners (and lead counsel in this litigation), and $150 per hour for paralegals. Our total request of fees is $586,237.50.  This represents an more than a fifty percent deduction from the approximately $1.4 million we would ordinarily bill in fees from this matter, and is based on the fee rate in the Southern District of Florida.

25.     I believe a rate on the high end of the awardable spectrum is reasonable in light of the *Johnson* factors that have been deemed in this Circuit to "have utility in establishing the hourly rate." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). *See also Sclafani v. Firstource Advantage LLC*, 2012 U.S. Dist. Lexis 29110, *4 (S.D. Fla. 2012); *Dilpilato v. Rudd & Diamond, P.A.*, 2012 U.S. Dist. LEXIS 23496, *8 (S.D. Fla. 2012). Factors (1), (2), (8), and (9) are especially relevant.  This case required significant time and resources to complete (1); the issues were novel and difficult, raising First Amendment

concerns in a unique context (2); the result obtained was a final judgment in favor of our client (8); and the Ropes & Gray lawyers involved in this matter were seasoned and talented litigators with enormous litigation and pro bono experience (9).

26. This litigation and its appeal have garnered national attention, including articles written by the New York Times and Law360. *See AMA Supports Blocking Florida's 'Gun Gag" on Doctors*, November 6, 2012, Law360.com, *available at* http://www.law360.com/health/articles/392121/ama-supports-blocking-florida-s-gun-gag-on-doctors; *Florida's Gun Law Morass*, July 9, 2012, New York Times, *available at* http://www.nytimes.com/2012/07/10/opinion/floridas-gun-law-morass.html?_r=0. In the district court and in the pending Eleventh Circuit appeal, various organizations from throughout the country, including the American Medical Association, American Academy of Pediatrics, American Academy of Child and Adolescent Psychiatry, National Rifle Association, and the Center for Constitutional Jurisprudence, filed *amicus* briefs on behalf of Plaintiffs or Defendants, which further illustrates the national attention and implications of the litigation.

**UNDER PENALTIES OF PERJURY OF THE LAWS OF THE UNITED STATES, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT.**

**FURTHER AFFIANT SAYETH NOT.**

Executed in Washington, D.C., this 30th day of November, 2012.

                                                          ____/s/ *Bruce S. Manheim*_____
                                                          Bruce S. Manheim, Jr.