# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DR. BERND WOLLSCHLAEGER, et al., Plaintiffs,

v.

FRANK FARMER, et al., Defendants.

CASE NO.: 1:11-CV-22026-COOKE/TURNOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 11-22026-Civ-COOKE/TURNOFF

DR. BERND WOLLSCHLAEGER, *et al.,*

    Plaintiffs,

v.

FRANK FARMER, *et al.,*

    Defendants.

_____/

## **DECLARATION OF ATTORNEYS' FEES AND COSTS**

The undersigned, Jonathan Lowy, swearing under oath pursuant to 28 U.S.C. § 1746, and being duly authorized, declares as follows:

1. My name is Jonathan Lowy, and I make this declaration based upon my own personal knowledge, and to the extent it is not based on my personal knowledge, the sources of my information are stated and such information is true to the best of my knowledge and belief.

2. I am the Director of the Brady Center to Prevent Gun Violence's Legal Action Project ("Brady Center").

3. To date, the Brady Center has incurred a total of $54,993.75 of attorneys' fees. These attorneys' fees includes 73.00 hours for my time; 51.75 hours for Daniel Vice's time; and 8.25 hours for Dina Shand's time.

4. Exhibit F reflects the hours and fees incurred by the Brady Center on this matter, including time spent, the fee amount, and a narrative summary of each task. This information has been aggregated into a summary with co-counsels' fees and hours in Exhibit G.

5. I have reviewed the time entries and narrative summaries contained in Exhibit F, which have been prepared from the records of the legal staff of the Brady Center. The time entries and narrative summaries are accurate to the best of my knowledge and belief.

6. A summary of the relevant experience of timekeepers at the Brady Center who spent time on this matter is as follows:

7. Jonathan Lowy graduated from University of Virginia School of Law in 1988. He is Director of the Brady Center's Legal Action Project, and is admitted to the District of Columbia Bar and Virginia Bar (inactive).

8. Daniel Vice graduated from New York University School of Law in 1997. He is a Senior Attorney with the Brady Center's Legal Action Project, and is admitted to the New York, Pennsylvania, and District of Columbia Bar.

9. Dina Shand graduated from the George Washington University Law School in 2009. She was a legal fellow with the Brady Center's Legal Action Project.

10. I believe the hours and expenses the Brady Center is claiming are reasonable. In keeping with case law such as *Martin v. University of South Alabama*, 911 F.3d 604, 610 (11th Cir. 1990) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation" (quoting *Norman v. Montgomery Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988)), we look to the lodestar method and ask that our reasonable hours spent on this complex litigation be multiplied by a reasonable rate.

11. To define that reasonable rate, we are mindful of cases like *Dependable Component Supply, Inc. v. Carrefour Infromatique Tremblant, Inc.*, 2012 U.S. Dist. LEXIS

9246 (S.D. Fla. 2012) (lowering requested Chicago rates to a rate consistent with the Florida marketplace). On the other hand, cases in this same District have granted fees above $350.00: in *Nukote International, Inc. v. Office Depot, Inc.,* 2011 U.S. Dist. LEXIS 80292, *26-27 (S.D. Fla. 2011), fees of up to $500.00 were approved for attorneys from a Washington, D.C. firm, and in *Great Lakes Transportation Holding LLC v. Yellow Cab Service Corporation of Florida, Inc.,* 2011 U.S. Dist. LEXIS 104746, *9 (S.D. Fla. 2011) a fee of $425.00 for local counsel was approved.

12. In keeping with this precedent, for my services, we are requesting an hourly rate of $450.00; for Daniel Vice's services, we are requesting an hourly rate of $400.00; and for Dina Shand's services, we are requesting an hourly rate of $175.00.

13. These rates are reasonable in light of the *Johnson* factors that have been deemed in this Circuit to "have utility in establishing the hourly rate." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). *See also Sclafani v. Firstource Advantage LLC*, 2012 U.S. Dist. Lexis 29110, *4 (S.D. Fla. 2012); *Dilpilato v. Rudd & Diamond, P.A.*, 2012 U.S. Dist. LEXIS 23496, *8 (S.D. Fla. 2012). Factors (1), (2), (8), and (9) are in particular relevant: this case required significant time and labor to complete (1), the issues were novel and difficult, raising First Amendment concerns in a unique context (2), the result obtained was a final judgment in favor of our client (8), and the Brady Campaign lawyers involved were seasoned and talented litigators (9).

14. The Brady Center assisted Plaintiffs in seeking the outside counsel of Ropes & Gray LLP in this matter because of its expertise in constitutional and civil rights issues and willingness to take on a case of first impression.

**UNDER PENALTIES OF PERJURY OF THE LAWS OF THE UNITED STATES, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT.**

**FURTHER AFFIANT SAYETH NOT.**

Executed in Washington, D.C., this 30th day of November, 2012.

                                                                           */s/ Jonathan Lowy*
                                                                            Jonathan Lowy