UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-22026-MGC

**DR. BERND WOLLSCHLAEGER**, et al.,

     Plaintiffs,

v.

**FRANK FARMER**, et al.,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

The defendants oppose the plaintiffs' fee request. The case presented a straightforward First Amendment claim on which the plaintiffs prevailed after the parties submitted cross motions summary judgment.  There was no discovery.  Yet, the plaintiffs seek compensation for **1,863 hours — a year's time for a single lawyer** — worked by 14 lawyers and three paralegals from three law firms. The plaintiffs ask for $686,299 in fees for this straightforward case. Apart from the numerous faults in the plaintiffs' submission, the expenditure of so much time on this uncomplicated case is patently unreasonable.

Because of the substantial defects in the plaintiffs' submission, a fee within the range $180,000-$220,000 is reasonable. The court should deny the request for costs and expenses, since the plaintiffs have not shown how those charges (for overnight delivery) were necessary for the case and not for the lawyers' convenience.

**I.**     **GENERAL FEE SHIFTING PRINCIPLES.**

This Court must determine whether the fee sought is reasonable, keeping in mind that the purpose of any fee-shifting statute is only to enable plaintiffs to attract competent counsel —

not to provide a windfall to attorneys. *Blum v. Stenson*, 465 U.S. 886 (1984). The *movant* has the burden of showing entitlement to compensation for the claimed hours and activities. *Von Clark v. Butler*, 916 F. 2d 255, 259 (5th Cir. 1990).

*Hensley v. Eckerhart*, 461 U.S. 424 (1983), and *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546 (1986) set the general standard for determining a reasonable attorneys' fee in civil rights cases. These opinions state that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. *See also Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In addition to determining whether the work done was directly incurred in proving an actual violation of federal rights, a court must consider whether the work done was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Delaware Valley*, 478 U.S. at 561. *See also Gray v. Romero*, 709 F. Supp. 325, 325-327 (D.R.I. 1989) (courts must determine whether the work is sufficiently closely related to the litigation).

Thus, under standard attorneys' fee law, courts must exclude from this fee calculation hours that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. A convenient analytical guide provides: "'Hours that would not generally be billed to one's own client are not properly billed to an adversary.'" *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.1989).

The court must "go line by line" through the billing records supporting the request to ensure that the movant has met his or her burden. *Evans v. Port Authority of New York and New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001). This review must be "a thorough and searching analysis." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir.2005).

The court must ensure that the fee request does not compensate for "over litigation." *Cody v. Hillard*, 304 F.3d 767, 773 (8th Cir. 2002). As explained below, such a searching review demonstrates that plaintiffs request fees far in excess of their entitlement.

II.    **THE HOURLY RATES CLAIMED BY THE PLAINTIFF'S ATTORNEYS DO NOT REFLECT REASONABLE RATES WITHIN THE SOUTH FLORIDA LEGAL COMMUNITY FOR ATTORNEYS OF SIMILAR EXPERIENCE.**

The Plaintiff's attorneys are entitled to the following hourly rates, which are consistent with awards given in similar cases to attorneys with similar experience in the South Florida legal community.

| Manheim, Bruce | Ropes & Gray | Partner | $325.00 |
| Hallward-Driemeier, Doug | Ropes & Gray | Partner | $270.00 |
| Dewar, Elizabeth N. | Ropes & Gray | Associate | $230.00 |
| Lemmon, Scot | Ropes & Gray | Associate | $230.00 |
| Ripa, Augustine | Ropes & Gray | Associate | $250.00 |
| Lewis, Julia | Ropes & Gray | Associate | $230.00 |
| Goetz, Mariel | Ropes & Gray | Associate | $250.00 |
| O'Connell, Kelly | Ropes & Gray | Associate | $240.00 |
| Antzoulatos, Sophia | Ropes & Gray | Paralegal | $125.00 |
| Suarez, Lauren | Ropes & Gray | Paralegal | $125.00 |
| Mullins, Edward | Astigarraga | Partner | $325.00 |
| Giuliano, Doug | Astigarraga | Associate | $225.00 |
| Lucas, Hal | Astigarraga | Associate | $260.00 |
| Rodriquez, Aida | Astigarraga | Paralegal | $125.00 |
| Lowy, Johnathan | Brady Center | Attorney | $325.00 |
| Vice, Daniel | Brady Center | Attorney | $250.00 |
| Shand, Dina | Brady Center | Legal Fellow | $125.00 |

The appropriate hourly rate for a prevailing attorney is determined by the rates paid to counsel of similar qualifications and experience in cases litigated in the area where the lawsuit is filed. *See Storfer v. Guarantee Trust Life Insurance Co*., No. 10–60400, 2011 WL 213461, at *2 (S.D. Fla. Jan. 21, 2011). In determining where a given rate falls within local ranges, the Eleventh Circuit has explained that attorney's fee law is not designed to compensate a party for premium billing

3

and premium level services. *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (measure of hourly rate is not what "lions of the bar may command"); *Golf Clubs Away LLC v. Hostway Corp.,* 2012 WL 2912709 (S.D. Fla. 2012) (plaintiff entitled to recover fees only for attorney with reasonable expertise). This suggests that a rate typically should fall at the bottom or the middle of the local range, rather than at the top.

The fee applicant has the burden of proof as to the appropriate rate. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999).

Regardless of the plaintiffs' evidence, the court is considered to be an expert on local rates, and this District most often relies on its own judgments about what constitutes an appropriate fee. *See Storfer*, 2011 WL 213461 (S.D. Fla. 2011); *Reed v. FirstSource Financial Solutions LLC*, 2012 WL 204177 (S.D. Fla. 2012); Exhibit 2 (citing cases).  An analysis of recent cases indicates that the Southern District generally has awarded fees for senior partners ranging from $325/hour to $450/hour; for junior partners from $265/hour to $325/hour; and for associates from $225/hour to $300/hour. Rates above $450/hour for a highly skilled senior partner have been rare outliers.[1]  The plaintiff's fee requests are well in excess of these standard awards. A rate of $125/hour is reasonable for paralegals. *Golf Clubs Away LLC v. Hostway Corp.,* 2012 WL 2912709 (S.D. Fla. 2012).

When determining an appropriate hourly rate for each billing attorney, the court should keep in mind that there is a presumption against awarding the top end of the rate. See *Golf Clubs Away LLC v. Hostway Corp.,* 2012 WL 2912709 (S.D. Fla. 2012).

---

[1] See exhibit 1 and exhibit 2.

The suggested rates are also in line with those recently awarded in a strikingly similar case: a facial constitutional challenge brought by lawyers with 20+ years of experience to a Florida statute that was resolved on cross-motions for summary judgment like this case. See exhibit 2.

Moreover, the billing attorney's level of experience in the case's subject matter factors heavily into the final rate. A lawyer should not be paid premium rates when the lawyer is litigating outside the scope of his experience. *Lee v. American Eagle Airlines Inc.,* 93 F. Supp. 2d 1322 (S.D. Fla. 2000); *Storfer v. Guarantee Trust Life Insurance Co*., 2011 WL 213461 (S.D. Fla. 2011) ($315/hour awarded to attorney with 26 years' experience but none in the subject area of the case); *Tobin v. Haverford School,* 936 F. Supp. 284, 292 (E.D. Pa. 1996) (20-year lawyer without experience in field not entitled to top rate).

With one possible exception, all the billing lawyers are litigating outside the scope of their expertise. The plaintiffs describe the billers' experience as follows.

Mr. Manheim testifies that he has 30 years' of legal experience, but nothing in his affidavit, DE 119-1 p. 1, indicates that he has litigated constitutional questions. Rather, his practice is limited to regulatory matters, litigation (the areas are not apparent), and legislative affairs. *Id.* at 1. Although he appears very accomplished, it seems from this sketchy that he is more a lobbyist than a trial lawyer. Interestingly, he seems to cite his work in this case as justifying his hourly rate. *Id.* at 3.

Mr. Hallward-Driemeier worked for the U.S Justice Department as an appellate attorney, according to Mr. Manheim's affidavit. DE 119-1 p. 4. Mr. Hallward-Driemeier has been a partner at Ropes & Gray for two years — junior partner length. *Id.* He has appeared in 40 cases before the U.S. Supreme Court and the courts of appeal, including constitutional cases. *Id.* But

the affidavit gives no details about the issues presented in those constitutional cases or his level of responsibility in them.

Antzoulous and Suarez are Ropes & Gray paralegals, and the information given about them is more sparse than that provided for the lawyers. Antzoulous has been with the firm since 1999, but we have no similar information about Suarez. Nor do the materials provide any insight into the nature of their experience.

Dewar, Ripa, Lemmon, Goetz, O'Connell, Lewis are Rope & Gray associates who have been with the firm only a short time. There is no indication of their areas of expertise, nor even of how long any have practiced law. The Manheim affidavit only gives the length of time that they have been associates with the firm: Dewar (two years), Ripa (four years), Lemmon (two years), Goetz (four years), O'Connell (two years), and Lewis (three years). DE 119-1 pp. 4-5.

Mr. Mullins is a 22-year member of the Florida Bar, but his experience is limited to commercial disputes, intellectual property matters, media issues, and employment controversies. DE 119-2 p. 3. Nothing in his affidavit indicates that he has litigated any cases involving constitutional challenges to state statutes, or First Amendment, free-speech cases in particular.

Mr. Lucas is of-counsel, but Mr. Mullins' affidavit laying out the experience of the lawyers in his firm gives no indication of an area of expertise. In fact, the affidavit does not indicate how long he has been a practicing lawyer. We only know that he graduated from law school in 2004, which is not evidence of actual practice. Assuming that he started lawyering that year, he is only an eight-year lawyer. DE 119-2 p. 4.

Mr. Guiliano is apparently an associate, but the Mullins' affidavit provides no details about his legal experience. Mr. Mullins only tells us that he graduated from law school in 2005. DE 119-2 p. 4.

Ms. Rodriguez is the Astigarraga paralegal for whom fees are sought, but the Mullins' affidavit gives no information about her experience.

Mr. Lowy appears to be an experienced lawyer, but again the information given is scanty. He states he graduated from law school in 1988, but fails to give his dates of bar admission or to describe his work experience. DE 119-3 p. 3. He states he is the director of "the Brady Center's Legal Action Project," but does not say for how long, the nature of his responsibilities, or the types of issues he has handled. *Id.*

Mr. Vice is a 1997 law school graduate, and is described as a senior attorney with the Legal Action Project. But for how long, what he has done, and the issues he has litigated are not described. DE 119-3 p. 3. Nor do the materials provide any information on his prior work experience.

Ms. Shand is described as graduating from law school in 2009. DE 119-3 p. 3. She apparently is a "legal fellow" with the Legal Action Project, but what that means is not stated. No information is given on when she was admitted to practice law and whether she practiced elsewhere and what she did.

None of this limited information is enough to qualify the billers for anything but the low end of rates in the applicable ranges. We have suggested such rates for each attorney consistent with their levels of general experience: Messieurs Manheim, Mullins and Lowy as senior partners; Mr. Hallward-Driemeier as a junior partner; Mr. Long as a senior associate; the remainder as junior associates, except for Ms. Shand, whom we have classed as a paralegal due to the lack of any indication of bar membership and any other legal experience.

Another factor in determining the reasonableness of hourly rates is the novelty or difficulty of the claims at issue. *Johnson v. Georgia Highway Express Co.,* 488 F.2d 714, 718

(5th Cir. 1974). This case was neither factually nor legally complex, and did not require the

extraordinary effort thrown at it. No discovery was required; little factual development was

necessary; and the entire case was decided on the briefs, which did not require unusual effort in

either research or drafting.

### III.   THE PLAINTIFFS OVERLAWYERED THE CASE AND UNREASONABLY AND DRASTICALLY INFLATED THE NUMBER OF REASONABLY COMPENSABLE HOURS.

Although it may be reasonable for a client to pay to overstaff a case, that does not mean it

is reasonable for the court to impose that cost on a defeated litigant, especially when the fee is

paid from the public fisc. *In re North,* 59 F.3d 184, 193 (D.C. Cir. 1995). This case presents a

classic example of big firm overstaffing that generated a total number of hours out of all

proportion to what was reasonably necessary to litigate this case to judgment.

Federal attorney fee law permits a party to recover fees for the work of multiple lawyers,

but the movant must show that the lawyers were "not unreasonably doing the same work and are

being compensated for the distinct contribution of each lawyer." *Norman v. Housing Authority of

the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). *See also  ACLU v. Barnes,* 168

F.3d 423, 432 (11th Cir 1999).  Where "there is an objection raising the point it is not a make

believe burden." *Barnes*, 1168 F.3d at 432. In a case like this, with so many billers seeking

compensation, the need to appropriately describe the unique nature of the work each of them

performed — their distinct contribution — becomes acute.  *Norman,* 836 F.2d at 1302.  Thus,

where more than one attorney represents a client, redundant hours generally occur, and the court

should carefully scrutinize the number of lawyers present and the roles assumed by each, and

deduct for duplication.  *Norman v. Housing Authority of the City of Montgomery*, 836 F. 2d at

1302; *In re Donovan*, 887 F. 2d 982, 996 (D.C. Cir. 1989) (time billed for intra-firm office and

telephone conferences was duplicative).

8

Compensation for multiple attorneys should be denied when the same act is performed by more than one lawyer. *Ramos*, 713 F. 2d at 554. "The problem of duplication of hours is frequently encountered in cases of multiple representation because too many attorneys (all billing their time) are present at meetings, hearings and depositions…" *Jane L. v. Bangerter*, 828 F. Supp. 1544, 1549 (D. Utah 1993) *rev'd on other grounds*, 62 F.3d 1505 (10th Cir. 1995)[2]; *Schlacher v. Law Office of Phillip J. Rotche & Associates PC,* 574 F.3d 852, 859 (7th Cir. 2009) ("overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees"), U.*S. v. One Star Class Sloop Sailboat*, 546 F.3d 26 (1st Cir. 2008) (overstaffing a familiar problem in cases where fee-shifting is a prospect). Duplication inevitably occurs when plaintiffs' lawyers hold conferences, call each other on the phone, write each other letters and memoranda, or when several plaintiffs' lawyers bill for reading the same document received from the defendants or the court. *See Sklar v. Clough,* 2008 WL 5381961 at *2 (N.D. Ga. 2008).

If the issues are not so complicated that one attorney can handle them, it is an abuse to award fees for multiple attorneys. *Von Clark v. Butler*, 916 F.2d 255, 260 (5th Cir. 1990). For example in *Tripper v. City of Norfolk*, 846 F. Supp. at 1307, the court held that a fee request for three attorneys was "clearly excessive" where the issues were those that a single attorney could handle. In short, the court should not award a fee for co-counsel without a showing that the other attorneys' contribution to the case was material. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986).

A plaintiff must minimize his costs in vindicating his rights. *Tripper v. City of Norfolk*, 846 F. Supp. at 1308. When the litigant is unwilling to do this, it becomes the court's job. Thus,

---

[2] The circuit court reversed and remanded only to require recalculation of the fee award because of the plaintiffs' success on appeal.

for instance, when multiple attorneys attend the same meetings without justification or appear to be performing the same work without a demonstration of each lawyer's unique contribution to the effort, the court should award only the time of a single attorney. See *In re Mullins*, 84 F.3d 459, 467 (D.C. Cir. 1996) (deducting fees incurred by the two lowest billing attorneys where three attorneys attended the same meeting).

The courts must closely scrutinize fee petitions involving billings by multiple lawyers, and the level of scrutiny should increase with the number of lawyers involved. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 298 (1st Cir. 2001).

Expending 1,863 hours — a full year's work for a single attorney — by 14 lawyers and three paralegals on a single issue case of this nature is *by itself* clearly excessive. *Pearson v. Fair,* 980 F.2d 37, 47 (1st Cir. 1992) (15 billing lawyers was "an unreasonable number of lawyers. Courts 'should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism.'"); *Kansas Judicial Watch v. Stout,* 2012 WL 1033634 (D. Kan. 2012) (12 billers unreasonable).

One useful guide to determining whether a party overstaffed, and thus overworked a case, is to look at the time expended by its adversary. *Democratic Party of Washington State v. Reed,* 388 F.3d 1281, 1287 (9th Cir. 2004); *Shaw v. AAA Engineering & Drafting Inc.,* 213 F.3d 538 (10th Cir. 2000). In this action, the Office of the Attorney General expended about 230 hours up through the rendition of the order on the motions for summary judgment. Exhibit 3.

Another useful guide are the hours expended in similar types of cases. While no two cases are exactly alike, facial constitutional challenges to statutes that are resolved on summary judgment are sufficiently similar, requiring little discovery and turning on the briefs, that the court can compare the work done in them with that in this case to determine whether the

plaintiffs' lawyers overworked the file. *American Federal of State County and Municipal Employees v. Scott,* 11-cv-21976-UU (S.D. Fla. Dec. 28, 2012), was much like this one: a facial constitutional challenge to a state statute that was decided on cross motions for summary judgment. In *Scott* there was no motion for preliminary injunction; instead the parties engaged in some limited discovery. The *Scott* plaintiffs sought compensation for 715.45 hours for the work of five lawyers. Exhibit 2 p. 14[3]. The court ultimately granted fees for slightly under 700 hours, deducting time improperly billed to the defendant. *Id.* pp. 1-5. Other similar cases include *Fross v. County of Alleghany,* 848 F.Supp. 547 (W.D. Penn. 2012) (744 hours); *Idaho Building and Construction Trades Council, AFL-CIO v. Wadsen,* 2012 WL 1313253 (D. Idaho 2012) (793 hours); but see *Lux v. Judd,* 2012 WL. 212237 (E.D. Va. 2012) (700 hours excessive on single issue constitutional challenge).

Staffing a case with so many lawyers usually results in requests to compensate the lawyers for conferring, calling and corresponding with each other. Here, the plaintiffs billed for **423.3 hours for emails, calls, meetings and conferences** among the various attorneys — 22.7 percent of the time expended on the case. Exhibit 4. While some time for communication among the lawyers may be compensable, this is grossly excessive and unnecessary. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 14 (1st Cir. 2011); *La Barbera v. VLF11 Management Corp*., 2012 WL 1576109 (E.D.N.Y. 2012); *Maldonado v. Houstoun,* 256 F.3d 181 (3d Cir. 2001) (120 hours for conferences excessive; reduced to 40). On some days attorneys billed a significant portion of the day just in communications with other members of the plaintiffs' litigation team: for example, see 6/14/11 Dewar 5.75 hours; 6/20/11 Dewar 3 hours; 6/21/11 Dewar 2 hours; 6/23/11

---

[3] The citation is to the page to the exhibit. It is page 9 of the magistrate judge's report and recommendation, *AFSCME v. Scott*, DE 92.

2 hours; 6/23/11 Manheim 2 hours; 6/27/1 Manheim 2.7 hours; 7/6/11 Dewar 10 hours; 7/19/11

Dewar 3.5 hours; 7/20/11 Manheim 2 hours; 7/21/11 Manheim 1.5 hours. Exhibit 4.

      In addition, the plaintiffs seek compensation for 52.8 hours for strategizing about the

case. Some strategy time is necessary, but this amount of time is unreasonsable. Exhibit 5.

      Moreover, the defendants have identified many hours that are unreasonable and excessive

on specific matters. For instance, the plaintiffs expended **14.2 hours** responding to the motion to

modify the case caption, producing a document only two pages long. DE 60; exhibit 6. The

plaintiffs expended **24.2 hours** to respond to the defendants' motion to strike, producing a

document only five pages long. DE 78; exhibit 7. The plaintiffs' lawyers bill **33.95 hours** for

responding to the National Rifle Association's motion to intervene. Exhibit 9. The motion was

19 pages, but the response was only 10. DE 36, 48. Such time was unreasonable and unnecessary

and should not be compensated. *Sloan Valve Co. v. Zum Industries Inc.*, 2012 WL 3716961

(N.D. Ill. 2012); *Coleman v. Shinseki*, 2012 WL 3101782 (Vet. App. 2012).

      The plaintiffs claim **83.35 hours** for preparation for and taking part in the hearing on the

motion for preliminary injunction.DE 119-7 p. 2; Exhibit 8[4]. This was excessive for a one hour

hearing that required only legal argument. *Nadarajah v. Holder,* 569 F.3d 906 (9th Cir. 2009).

The plaintiffs then seek compensation for five lawyers' attendance at the hearing (billing a total

of 13.5 hours). Exhibit 8. Only one lawyer argued, and compensation for more than two is

unreasonable. *Planned Parenthood of Cent. New Jersey v. Attorney General of New Jersey*, 297

F.3d 253 (3d Cir. 2002) (25 hours of preparing for a 30-minute hearing was excessive);

---

[4] In contrast to the plaintiffs' own accounting, the defendants have identified 67.1 hours for
hearing preparation from the plaintiffs' time records. We may have failed to count some time due
to the voluminous number of time entries involved — 984 in total.

*Maldonado v. Houstoun,* 256 F.3d 181 (3d Cir. 2001) (160 hours for oral argument preparation excessive; reduced to 24).

These billings amply indicate the tendency of the plaintiffs' attorneys to overwork every task. Yet there is one more that is emblematic: one Ropes & Gray associate spent ***two hours*** to write a one-page, unopposed motion for enlargement of time (DE 83). See exhibit 20, O'Connell entries for 10/25/11. Exhibit 20 also identifies 51.85 hours expended on additional tasks where the amount of time expended was excessive.

These examples raise suspicions about the appropriateness of everything that appears in the attorneys' time records.

If these were not enough to ignite concern, the plaintiffs' fee filing itself should be enough. They openly state they expended **289.05 hours** (7.6 weeks of a single attorney's time) on the drafting of the complaint. DE 119-7 p. 2. This is unreasonable on its face. The plaintiffs' complaint is a sociological treatise 26-pages long rather than the short plain statement of entitlement to relief required by Fed.R.Civ.P 8. "District courts should not have to read and decipher tomes disguised as pleadings." *Trainer v. Anderson*, CIV. 2012 WL 1898605 (D.N.J. May 22, 2012); *Ausherman v. Stump,* 643 F.2d 715, 171 (10th Cir. 1981) (63-page complaint with nine attachments violated short plain statement rule of pleading). Nor should losing litigants be required to pay for such extravagance. Moreover, 12 lawyers were involved in researching, drafting, reviewing and revising the complaint. Exhibit 10. That number alone is inherently unreasonable and unnecessary, and their time entries make it difficult if not impossible to determine the unique contribution that each brought to the work.

The plaintiffs seek reimbursement for **675.1 hours** (16.9 weeks of a single attorney's time) for work on the motion for preliminary injunction and the amended complaint. DE 119-7 p.

2. They used 11 attorneys for researching, drafting, reviewing and revising the motion for preliminary injunction, another example of gross over-lawyering. Exhibit 11.

The plaintiffs' expended **411.6 hours** for work on the motion for summary judgment, responses and replies — drafting, researching, reviewing and revising. DE 119-7 p. 2. They employed 11 lawyers on these projects. Exhibit 12. Again, these hours are grossly excessive, and so many lawyers did not need to be involved. *Planned Parenthood of Cent. New Jersey v. Attorney General of New Jersey*, 297 F.3d 253 (3d Cir. 2002) (365 hours for briefing in the district court was excessive); *Maldonado v. Houstoun,* 256 F.3d 181 (3d Cir. 2001) (276 hours dedicated to brief was excessive).

Apart from this abundant duplication, the defendants have identified **341.45 hours** that are otherwise duplicative. Exhibit 13.

One particular series of entries deserves special scrutiny. The defendants have identified **102 hours** in which Mr. Vice's and Mr. Lowey's description of their work on the same day was virtually identical. Exhibit 14.

This fee request should have never come to this court in its present shape. Some of the plaintiffs' lawyers have already been admonished by a federal court for their attempt to obtain compensation for overstaffing a case. In *Project Vote/Voting for America Inc. v. Long,* 2012 WL 3638546 (E.D. Va. Aug. 22, 2012). Mr. Hallward-Driemeier and Mr. Ripa along with other Ropes & Gray attorneys sought attorneys' fees, which were denied in part because of overstaffing.

Federal fee shifting statutes are intended to provide a reasonable fee to enable a plaintiff to obtain counsel. They are not intended to provide the windfall opportunity presented by the ability for teams of attorneys each to bill the defendants for talking to each other, attending

hearings or working en mass on different documents. This fee request represents an effort to obtain just such a prohibited windfall.

**IV.    OBJECTIONS AS TO SPECIFIC TASKS AND TIME.**

    **A.    Block billing.**

The defendants object to 73.5 hours on the ground that they reflect block billed time entries.  Exhibit 15.

The party seeking attorney's fees must produce "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."  *Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008).  A movant fails to meet that burden when it submits "block billing"—i.e., the practice of "lumping together multiple tasks into a single entry of time," *Cardena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000), "without separating the tasks into individual blocks or elaborating on the amount of time each task took," *Capone v. Aetna Life Insurance Co,* 2010 WL 6029242, at *5 (N.D. Ga. 2010).  Many courts have found block billing to present a significant problem because it makes an attorney's time records "unnecessarily difficult" to review.  *See e.g.*, *Kearney v Auto-Owners Inc.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010). For instance, block billing renders impossible the court's ability to identify work done on distinct claims or determine the reasonableness of the amount of time spent on particular tasks. *Kearney,* at 1377-1378 ("block billing entries make it difficult for the Court to know what work was done, when and for how long"). *See also E.S. v. Katonah-Lewisboro School District*, 2011 WL 1560866 *8 (S.D. N.Y. 2011); *Merrick v. Scott*, 2011 WL 1938188 *3 (S.D. Tex. 2011); *Role Models America Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004); *Machado v. Da Vittorio*, 2010 WL 2949618 (S.D. Fla. 2010).

Block billing thus prevents the court from determining whether the amount of time spent on a given task was reasonable. *Kearney*, 713 F .Supp. 2d at 1378. Further, when uncompensable matters are lumped with compensable ones, it is difficult to determine how much time to exclude. *Id.* ("The Court cannot cleanly divide time, either, where one block of time contains compensable and non-compensable tasks."). Block billing also impedes the analysis of whether there was unreasonable duplication of work by attorneys — a significant problem in this case. *Galvez v. Cuevas*, 2009 WL 1024632 at *4 (S.D. Fla. 2009).

In short, block billing is unacceptable as support for a fee petition and the Court should not tolerate it here, especially when more than half the billed time is block billed. Most courts confronted with block billing order significant across-the-board reductions. *See Green v. City of New York*, 403 Fed. Appx. 626, 630 (2d Cir. 2010) (15 percent reduction); *Lil' Joe Wein Music Inc. v. Jackson*, 2008 WL 2688117 *13 (S.D. Fla. 2008) (20 percent reduction); *Dorr v. Weber*, 741 F. Supp. 2d 1022 (N.D. Iowa 2010) (10 percent reduction); *Machado v. Da Vittorio, supra* (75 percent reduction); *Merrick v. Scott*, 2011 WL 1938188 *4 (N.D. Tex 2011) (20 percent reduction); *Blanco v. TransAtlantic Bank*, 2009 WL 2762361, *4 (S.D.Fla. Aug.31, 2009) (20 percent reduction); *Bujanowski v. Kocontes*, 2009 WL1564263, *4 (M.D.Fla. Feb. 2, 2009) (30 percent reduction); *Lil Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, *13 (S.D.Fla. July 1, 2008) (20 percent reduction). Here, given that the attorney time records contain a significant amount of block billing, a significant, across-the-board reduction is warranted.

### B.      Insufficient detail

The defendants have identified 128.95[5] hours that do not sufficiently describe the nature of the work performed so that the Court can determine whether the billing was directly and reasonably incurred in securing federal relief.  Exhibit 16.

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'"  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). Attorneys are required to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."  *Hensley*, 461 U.S. at 437.  Fee applications must include contemporaneous records of time spent on a case and time sheets must be sufficiently detailed to allow the court to assess whether hours were reasonably expended and necessary.  *Id.* at 433; *Mannings v. School Board of Hillsborough County*, 851 F. Supp. 436, 443, 444 (M.D. Fla. 1994); *In re Donavan*, 877 F.2d 982, 994 (D.C. Cir. 1989).  Attorneys "must submit a full and precise accounting of their time, including specific information about the number of hours, dates, and the nature of the work performed …"  *Deary v. City of Gloucester*, 9 F.3d 191, 198 (1st Cir. 1993).  Fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D.Fla.1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir.1990)).  Time should be detailed enough to permit "meaningful review of whether particular hours were reasonably expended on this litigation."  *League of United Latin American Citizens v. Roscoe*, 119 F.3d 1228, 1233 (5th Cir. 1997).

Where hours are not documented sufficiently, awards may be reduced by the district court accordingly.  *Hensley*, 461 U.S. at 433; *Mannings v. School Board of Hillsborough County*,

---

[5] These figures and the ones that follow are approximate. A precise accounting is impossible because many objectionable tasks are imbedded in segments of block billed time.

851 F. Supp. 436 (M.D. Fla. 1994); *Jane L. v. Bangerter*, 828 F. Supp. 1544, 1549 (D. Utah

1993) (excluding the fee applications for five of the plaintiffs' attorneys, equaling over 50

percent of the total fees requested, because of insufficient time records; the court noted that the

plaintiffs did not exclude unspecified or inadequately specified "review" time.  The court

considered this to be "evidence of excess," and "a signal for the padding of hours."), *aff'd in*

*relevant part Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

There are numerous examples of fee entries that courts have found to be insufficiently

detailed,[6] and they are similar to those in the plaintiffs' records here.  Accordingly, the court

should not award fees for these insufficiently detailed hours.

---

[6] *See Franklin v. Hartford Life Insurance Co.,* 2010 WL 916682 at*3-4 (M.D. Fla. 2010)
(finding "meetings," "conference," "review," and "research" insufficient); *Eugene v. 3Don &
Partner Estate Group,* 2009 WL 996016 at *8-9 (S.D. Fla. 2009) ("[c]onf with Tony ...
Telephone Conf ... Preparation /Receipt and Review of Complaint" insufficiently detailed; "legal
research," "conf's with Aldo" vague and not compensable; among other things the entry fails to
state the subject of the conference, which is a required detail); *Von Clark v. Butler*, 916 F.2d at
259 n.6, (a time record that listed simply "telephone call," "trial preparation," or "travel to
Beaumont to attend deposition" without further explanation of the subject matter was
inadequate); *Blake v. Yackovich*, 683 F. Supp. 240, 244 (D. Utah 1988) (entry "receive pleading"
was too vague to support a fee award); *Omni Consulting Group v. Marina Consulting Inc.,* 2011
WL 815101 (W.D. N.Y. 2011) ("numerous entries about unspecified conferences, telephone
calls, e-mail correspondence, and 'reviews'" did "not make clear how the time described
advanced the case"); *Sabatini v. Corning-Painted Post Area Sch. Dist*., 190 F. Supp. 2d 509, 522
(W.D.N.Y. 2001) ("hearing preparation'; 'prepare for hearing'; 'review records'; 'telephone
conference with client'; 'prepare for discovery'" found insufficient); *Pasternak v. Baines,* 2008
WL 2019812 (W.D.N.Y. 2008) ("meeting with client" without any explanation of the purpose of
the meeting insufficient);  *Ragin v. Harry Macklowe Real Estate Co.*, 870 F. Supp. 510
(S.D.N.Y. 1994) ("research for brief," "research and draft brief," and "draft and edit brief" were
insufficient; "Additional examples of vague entries include: 'telephone call to S. Berger,'
'Review Macklowe files,' 'conference with T. Holman,' 'Telephone conference,' 'letter to
Suzanne Berger,' 'research,' 'Telephone conference with Holman and Berger,' 'working travel
to NY,' 'phone calls to NY,' 'continue to work on reply brief,' 'Research for reply brief.'"); *Hall
v. Secretary of Health and Human Services*, 2009 WL 3423036 at * 27 (Fed.Cl. 2009) (time
disallowed for vague entries such as "file review"; attorney should have included description
"such as exhibits 3-4, respondent's report, the transcript, etc."); *Fralick v. Plumbers and
Pipefitters Nat.*, 2011 WL 487754 (N.D. Tex. 2011) ("telephone conference" entries provide no
indication of the purpose of the communication).

## D.     Unnecessary Time or Tasks.

The Defendants have identified at least 79.85 hours of unnecessary time or tasks apart from the objections registered above that much of the work done in this case was unreasonable and unnecessary. Exhibit 17.  These entries lack enough detail to determine if the work done was reasonably necessary to secure the judgment. *Hensley*, 461 U.S. at 433, see also *Norman v. Housing Authority of the City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988).

General principles of attorney fee law hold that activities unnecessary to the litigation should be excluded from the fee request.  *Hensley*, 461 U.S. at 434.  In determining whether work was necessary, district courts must carefully examine specific tasks requested in a fee petition because "[l]awyers charging fees to adversaries rather than clients may be less likely to carefully scrutinize the hours spent to determine if payment for the task is justified."  *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), overruled on other grounds by *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4, 725, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

The plaintiff's attorneys' purported application of "billing judgment" has not eliminated the problem. See *Norman v. Housing Authority of Montgomery County,* 836 F.2d 1292, 1301 (11th Cir. 1988) (requiring fee counsel to use billing judgment before submitting records to the court). The fact *so many* time entries are defective is evidence that the plaintiffs' attorneys failed to employ appropriate billing judgment.  *See Jane L. v. Bangerter*, 828 F. Supp. 1544 (D. Utah 1993).

## E.     Attorneys or paralegals performed uncompensible clerical work.

The defendants have identified **33.5 hours** that are clerical or secretarial in nature and should not be billed by an attorney or paralegal. Exhibit 18.

Experienced, partner-level attorneys or paralegals should not be awarded top rates when doing the work of associates, paralegals, or clerical staff.  See *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Plummer v. Chemical Bank*, 592 F. Supp. 1168, 1172 (S.D. N.Y. 1984); *Western Sur. Co. v. Bradford Elec. Co., Inc.*, 483 F. Supp. 2d 1114, 1121 (N.D. Ala.2007) ("[H]ours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses."); *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369 (M.D. Fla. 2010); *Machado v. Da Vittorio, LLC*, 2010 WL 2949618 at *3 (S.D. Fla. 2010). Moreover, fees generated by law clerks and paralegals are recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir.1988).

> **F.   Overhead.**

The defendants have identified 3.8 hours that are improperly billed as overhead. Exhibit 19.

Fees for activities that constitute overhead are not recoverable.  *Western Sur. Co. v. Bradford Elec. Co., Inc.*, 483 F. Supp. 2d 1114, 1121 (N.D. Ala.2007) ("[H]ours spent on purely clerical work or secretarial tasks are unrecoverable overhead expenses."). Overhead is usually considered to be expenses "normally absorbed by the practicing attorney." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983); *Disabled Patriots of America Inc. v. HT West End LLC,* 2007 WL 789014 at*5 (N.D. Ga. 2007) ("open/close file charge," was overhead); *Wales v. Jack M. Berry Inc.*, 192 F. Supp. 2d 1313, 1332 n. 11 (M.D. Fla. 2001) (office supply expenses were overhead). Overhead expenses are built into and fully compensated by the hourly rate. *Henry v. Webermeier,* 738 F.2d 188, 192 (7th Cir. 1984).

V.      COSTS AND EXPENSES.

A prevailing party is only entitled to reasonable and necessary expenses "that are normally itemized and billed in addition to the hourly rate" if these expenses are "reasonable in amount" and of the type ordinarily billed to a private client. *Bee v. Graves,* 910 F.2d 686, 690 (10th Cir. 1990).

"[W]ith the exception of routine office overhead, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1191(11th Cir. 1983). "Section 1988 may not be subverted into a ruse for producing 'windfalls' for attorneys". *Id.*

Costs must be reasonable in amount and necessary for maintenance of the action. *Fells v. Virginia Dept. of Transp.*, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009).  Only reasonable identifiable *out of pocket* expenses are recoverable.  *Luessenhop v. Clinton County, N.Y.*, 558 F. Supp. 2d 247, 271 (N.D.N.Y. 2008).  Expenses should normally be billed to a private client in the local area and reasonable in the amount.  *Brown v. Gray,* 227 F.3d 1278, 1298 (10th Cir. 2000).

Expenses that are merely for counsel's convenience are not compensable. *Monelus v. Tocodrian Inc.,* 609 F.Supp.2d 1328 (S.D. Fla. 2009).

The plaintiffs seek compensation for $284.67 in Federal Express and other courier charges. DE 119-8 p. 2. Nothing in the plaintiffs' papers indicate how these charges were necessary for prosecution of the case and are not for counsel's convenience. *Cartier Int'l B.V. v. Gorski*, 3:01-CV-01948-PCD, 2003 WL 25739624 *4 (D. Conn. Apr. 30, 2003) ("It is not apparent why Plaintiffs did not use regular postal service. Accordingly, no costs are credited for messenger/courier services, Federal Express fees, or facsimile charges.").

21

Therefore, these costs are not compensable.

## CONCLUSION

Overstaffing, especially when coupled with other defects, warrants substantial, across-the-board reductions in a fee award. *General Electric Company v. Compagnie Euralair SA,* 1997 WL 397627 (S.D. N.Y. 1007) (50 percent reduction); *Ace Limited v. Cigna Corp.,* 2001 WL 1286247 (S.D. N.Y. 2001) (50 percent reduction); *Precision Concrete v. National Labor Relations Board,* 362 F.3d 847 (D.C. Cir. 2004) (50 percent reduction); *Lochren v. County of Suffolk,* 344 Fed.Appx. 706 (2d Cir. 2009) (25 percent reduction); *Barkley v. United Homes LLC,* 2012 WL 3095526 (E.D. N.Y. 2012) (25 percent reduction); *Maldonado v. Houstoun,* 256 F.3d 181 (3d Cir. 2001).

This court confronted an instance of multiple lawyers billing excessive hours in *Dependable Component Supply Inc. v. Carrefour Informatique Tremblant Inc.,* 2012 WL 253255 (S.D. Fla. 2012). The court reduced the fee request across-the-board by 65 percent because of "excessive and redundant billing." *Id.* at 2.

A deep across-the-board reduction is warranted here because of blatant overstaffing and other problems.

A reasonable fee in this case would be one similar to that recently approved by the Southern District in *AFSCME v. Scott*. The court in that case approved a final fee of $183,045.75. Exhibit 2.[7]

Therefore, a fee within the range $180,000-$220,000 is reasonable. The court should deny the request for costs and expenses.

Respectfully submitted,

_____

[7] The magistrate judge approved a fee of $200,485.25, but the district judge reduced that amount by $17,440 to reach that figure.

PAMELA JO BONDI
ATTORNEY GENERAL

s/ *Jason Vail*

Jason Vail
Florida Bar no. 298824
Assistant Attorney General

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of

record through use of the Court's CM/ECF system on January 8, 2013.

s/ *Jason Vail*